[Cite as *JPMorgan Chase Bank v. Byrd*, 2013-Ohio-3217.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CHASE HOME FINANCE LLC | C.A. No.    26572 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC BYRD AND DENISE BYRD, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.    CV 2010 10 7019 |

DECISION AND JOURNAL ENTRY

Dated: July 24, 2013

PER CURIAM.

{¶1}  Appellants, Eric and Denise Byrd, appeal the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}  On May 21, 2001, Eric and Denise Byrd executed a note for $49,600 in favor of Country Home Mortgage, for property located at 397 Dover Ave., in Akron, Ohio.  The note was secured by a mortgage.

{¶3}  Chase Home Finance LLC filed the instant foreclosure action on October 14, 2010.  Attached to the complaint was a series of assignments indicating that the mortgage had passed from Country Home Mortgage to Flagstar Bank, FSB; from Flagstar Bank, FSB to the Federal National Mortgage Association; and from Federal National Mortgage Association to Chase Home Finance LLC.  On February 15, 2011, with leave of court, the Byrds filed their answer to the complaint.

{¶4} After the parties unsuccessfully attempted to resolve the matter through mediation, the trial court set the matter for pretrial conference on January 2, 2012. On March 14, 2012, Chase Home Finance LLC filed a motion to substitute JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, as the party plaintiff. Attached to the motion was the certificate of merger. The trial court issued an order granting the motion on March 21, 2012. JPMorgan Chase Bank filed a motion for summary judgment on March 16, 2012, and then re-filed its motion on March 30, 2012, after it had been substituted as plaintiff. After filing a motion to compel discovery on April 11, 2012, the Byrds filed a response to JP Morgan Chase Bank's motion for summary judgment on April 13, 2012. JPMorgan Chase Bank filed a reply brief on April 25, 2012.

{¶5} On June 28, 2012, the trial court granted summary judgment in favor of JPMorgan Chase, and instructed the bank to submit a proposed foreclosure decree to the court. On July 18, 2012, the trial court issued its judgment entry and decree in foreclosure.

{¶6} On appeal, the Byrds raise one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN JPMORGAN CHASE BANK, N.A.'S FAVOR AS JPMORGAN CHASE BANK FAILED TO PROVE THERE WERE NO GENUINE ISSUES OF MATERIAL FACT AND THAT IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶7} In their sole assignment of error, the Byrds argue that the trial court erred when it granted summary judgment. This Court disagrees.

{¶8} In support of their assignment of error, the Byrds contend that the affidavit filed in support of the motion for summary judgment was not admissible because it was not based on

personal knowledge, and it did not set forth the facts in a manner demonstrating that the affiant was competent to testify on the matters stated in the affidavit. The Byrds further argue that the affidavit was not consistent with the bank's discovery responses, and that the affiant, Brandon M. Miller, was never mentioned in any of the discovery responses.

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶10} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11} While the moving party bears the initial burden of showing that no genuine issue of material fact exists for trial, once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Rather, the burden then shifts to the non-moving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts which show that there is a genuine issue of material fact for trial. *Id.* at 293. Civ.R. 56(C) designates the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," as proper in demonstrating that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. *Id.* at 292-293. Throughout, the evidence must be construed in favor of the non-moving party. *Temple,* 50 Ohio St.2d at 327. A disputed fact is material if it impacts the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist.1999).

{¶12} "We note that [a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Bank v. Skipper,* 9th Dist. Summit. No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012–Ohio–2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25. In this case, Byrd has not asserted that the remedy of foreclosure was inequitable. Rather, Byrd has argued that there was a question of material fact regarding whether JPMorgan Chase was entitled to judgment as a matter of law.

{¶13} In support of its motion for summary judgment, JPMorgan Chase Bank relied on the affidavit of Brandon M. Miller. Mr. Miller averred that in his capacity as a vice president at JPMorgan Chase, he had personal knowledge of the records pertaining to the Byrds' note and mortgage. Mr. Miller averred that the historic records of the note and mortgage came to him pursuant to the merger of Chase Home Finance LLC and JPMorgan Chase Bank. Mr. Miller further averred that the Byrds had defaulted under the terms of the note and mortgage, that the default had not been cured, and that the loan balance had been accelerated. Attached to the affidavit were the note and mortgage, assignments of the mortgage, as well as the bank's letter

giving notice of the intent to foreclose. Mr. Miller indicated that as of March 15, 2012, the Byrds owed the principal sum of $37,529.56 due to their default, plus interest at 7.75% per annum from September 1, 2009.

{¶14} In their response to the motion for summary judgment, the Byrds argued that Mr. Miller was not competent to testify due to a lack of personal knowledge of the documents relevant to the allegations in the complaint. The Byrds further argued that Mr. Miller was not identified in the bank's answers to interrogatories. The Byrds also emphasized that while JPMorgan Chase had attached the affidavit of Mr. Miller to its motion, it was Evan L. Grageda, and not Mr. Miller, who verified the bank's discovery responses. While the Byrds advanced the aforementioned arguments in response to the motion for summary judgment, they did not append any additional Civ.R 56(C) materials to their response.

{¶15} A review of the summary judgment materials reveals that the trial court properly concluded that JPMorgan Chase was entitled to judgment as a matter of law. In his affidavit, Mr. Miller specifically averred that he had personal knowledge of the records pertaining to the Byrds' note and mortgage, as well as the manner in which the records were kept and maintained. Mr. Miller further averred that the Byrds had defaulted on their mortgage, and that the default had not been cured. While the Byrds questioned whether Mr. Miller had personal knowledge of those records, the mere fact that Mr. Miller was not mentioned in JPMorgan Chase's discovery responses does not create a question of fact regarding the veracity of his affidavit. At no point in the bank's discovery responses did it indicate that Evan L. Grageda was the only individual with knowledge of the Byrds' records. The Byrds did not attach any evidence to their response to the motion for summary judgment that demonstrated that Mr. Miller did not have personal

knowledge of the documents pertinent to the complaint. Under these circumstances, the trial court did not err in granting summary judgment in favor of JPMorgan Chase.

{¶16} The Byrds' sole assignment of error is overruled.

### III.

{¶17} The Byrds' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

CARR, P.J.
DISSENTING.

{¶18} I respectfully dissent. As the majority explains, a foreclosure suit involves a two-step procedure. Although the trial court determined that the Byrds were in default, it never weighed the equities before entering the decree of foreclosure. I would remand the matter to the trial court to make that determination.

APPEARANCES:

MARGARET A. MCDEVITT and JULIUS P. AMOURGIS, Attorneys at Law, for Appellants.

THOMAS WYATT PALMER, Attorney at Law, for Appellee.

LAURA A. HAUSER, Attorney at Law, for Appellee.