[Cite as *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 2014-Ohio-2746.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION

    Appellee

    v.

LAURENCE T. BURDEN, et al.

    Appellants

C.A. No.     27104


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2012-05-3097

DECISION AND JOURNAL ENTRY

Dated: June 25, 2014

WHITMORE, Judge.

{¶1} Appellants, Laurence and Glenna Burden (collectively, "the Burdens"), appeal from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Appellee, JPMorgan Chase Bank, National Association ("Chase"). This Court affirms.

I

{¶2} In July 2005, Laurence Burden executed a promissory note in favor of Washington Mutual Bank, FA ("Washington Mutual") for the purchase of property located at 3647 Sanctuary Drive, Akron, Ohio. That same day, Mr. and Mrs. Burden also granted a security interest in the subject property to Washington Mutual through a mortgage. Thereafter, Washington Mutual was closed and the Federal Deposit Insurance Corporation ("FDIC") was named receiver. In October 2008, the FDIC transferred the loans and loan commitments of Washington Mutual to Chase.

**{¶3}** The Burdens failed to make a payment in January 2012. In February 2012, Chase sent a multi-page letter by first class mail to the property address. The letter contained a bold caption identifying it as an "Acceleration Warning (Notice of Intent to Foreclose)." The letter notified the Burdens of the default, how it could be cured, and that Chase would accelerate the loan and commence foreclosure proceedings if the default was not cured within thirty-five days. While the letter invited the Burdens to call Chase to discuss a variety of homeowners' assistance programs, it did not mention any face-to-face meeting.

**{¶4}** In May 2012, Chase filed a complaint for foreclosure against the Burdens. The court referred the matter to mediation. After mediation proved unsuccessful, the court returned the matter to its regular docket. Chase filed a motion for summary judgment in May 2013. Chase attached an affidavit from Lassana Camara, one of its vice presidents, to its motion. The affidavit detailed that she had reviewed Chase's business records relating to the Burdens' loan, including the note and mortgage, copies of which were attached along with the FDIC's affidavit transferring Washington Mutual's assets to Chase, and the February 2012 letter.

**{¶5}** The Burdens filed a brief in opposition to the motion for summary judgment. The Burdens attached an affidavit from Mr. Burden averring that he had not received notice of: (1) default for the debt, (2) acceleration of the note or mortgage, (3) an opportunity to cure, or (4) a face-to-face meeting. Moreover, he averred that he had never refused a certified mail letter and was never asked to sign for a communication from Chase.

**{¶6}** Chase filed a reply brief and a supplemental affidavit from another Chase vice president. The supplemental affidavit added the following averments:

> 5. On February 28, 2012, Plaintiff sent Defendant the breach letter, a copy of which is attached to this affidavit as an exhibit, by mailing same by first class mail to the property address.

6. Defendant's loan is not an "FHA loan." It is not guaranteed or insured by the Federal Housing Administration.

Chase again attached copies of the note, mortgage, and letter to the affidavit.

{¶7} The trial court granted summary judgment to Chase and entered a judgment entry and decree in foreclosure. The Burdens now appeal, raising one assignment of error for our review.

## II

### Assignment of Error

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER THE PLAINTIFF/APPELLEE PROVIDED THE PROPER NOTICES OF DEFAULT PRIOR TO ACCELERATION AND FOR A FACE-TO-FACE MEETING, AS REQUIRED UNDER THE MORTGAGE AND APPLICABLE FEDERAL LAW.

{¶8} In their sole assignment of error, the Burdens argue the trial court erred in granting summary judgment to Chase. More specifically, the Burdens argue that Chase failed to comply with notice requirements contained in their mortgage and federal regulations issued by the Secretary of Housing and Urban Development ("HUD"). In addition, the Burdens argue that Chase's affiant lacked personal knowledge of the facts within her affidavit. We disagree.

{¶9} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶10}** This Court reviews a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party meets this burden, then the non-moving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id.*

**Affidavit**

**{¶11}** In order to meet its initial burden, Chase provided the affidavits of two of its vice presidents. In their appellate brief, the Burdens argue that Ms. Camara's affidavit[1] failed to meet the requirements of the Civ.R. 56(E) and Evid.R. 803(6). Chase has responded that this issue was not raised below.

**{¶12}** Arguments that were not raised in the trial court cannot be raised for the first time on appeal. *See Deutsche Bank Natl. Trust Co. v. Holden*, 9th Dist. Summit No. 26970, 2014-Ohio-1333, ¶ 16, citing *Hignett v. Schwarz*, 9th Dist. Lorain No. 10CA009762, 2011-Ohio-3252, ¶ 22. The Burdens did not mention either Civ.R. 56(E) or Evid.R. 803(6) in their brief in opposition to plaintiff's motion for summary judgment below. They did, however, refer to the fact that Ms. Camara's affidavit did not list her job duties. Consequently, this Court will address the limited issue of whether it was necessary for the affiant to list her job duties.

**{¶13}** Affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

---

[1] Both below and in their appellate brief, the Burdens only mention Ms. Camara's affidavit and not the supplemental affidavit from the other Chase vice president. Accordingly, only the propriety of Ms. Camara's affidavit is properly before us, although the analysis for the other affiant who holds the same position would be similar.

Civ.R. 56(E). The personal knowledge requirement is satisfied by the "mere assertion of personal knowledge" when "the nature of the facts in the affidavit combined with the identity of the affiant create[] a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Central Mtge. Co. v. Elia*, 9th Dist. Summit No. 25505, 2011-Ohio-3188, ¶ 7, quoting *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. In addition, "[a] witness providing the foundation [for a recorded business activity] need not have firsthand knowledge of the transaction." *CitiMortgage, Inc. v. Elia,* 9th Dist. Summit No. 25482, 2011-Ohio-2499, ¶ 11, quoting *Moore v. Vandemark Co., Inc.*, 12th Dist. Clermont No. CA2003-07-063, 2004-Ohio-4313, ¶ 18.

{¶14} In the instant matter, Ms. Camara averred she was a vice president of Chase, that she had personal knowledge of how Chase's records are kept and maintained, and that she reviewed the records relating to Burdens' loan, including the note and mortgage. Among other things, she detailed the original loan amount, the default date, and the current balance. Given her identity as a company vice president, it was reasonable for the trial court to infer that she had personal knowledge of the facts in the affidavit. *See JPMorgan Chase Bank v. Byrd*, 9th Dist. Summit No. 26572, 2013-Ohio-3217, ¶ 13-15 (rejecting argument that company vice president lacked personal knowledge of records); c*ompare Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 22 (finding personal knowledge cannot be inferred where an affiant discloses neither his position nor his job duties).

{¶15} The Burdens' assignment of error, as it relates to the affidavit, is overruled.

**HUD Regulations**

{¶16} The Burdens assert that Chase failed to comply with HUD regulations regarding notice of default and acceleration of the debt. More particularly, the Burdens argue Chase failed

to comply with 24 C.F.R. 201.50 and 203.604 because Chase did not send its notice letter by certified mail or attempt to have a face-to-face meeting with them.

{¶17} Before reaching the issue of whether Chase complied with HUD regulations, we must first determine whether those regulations were applicable to the Burdens' note and mortgage.

{¶18} The Burdens rely on *BAC Home Loans Servicing, LP. v. Taylor,* wherein this Court found "if the terms of the note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action." *BAC Home Loans Servicing, LP. v. Taylor,* 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 14. But in *Taylor* this Court expressly declined to determine "whether every federally insured loan is subject to HUD servicing regulations so that any homeowner may use a servicer's failure to comply as a defense in foreclosure." *Id.* at ¶ 22. Rather this Court found the Taylors' note and mortgage were subject to HUD servicing regulations based on the plain language of the contract. *Id.* at ¶ 18-22.

{¶19} Reviewing the Taylors' note and the mortgage, this Court found multiple explicit statements subjecting them to HUD regulations. *Id.* at ¶ 18. For instance, "[t]hree times in one paragraph the note provided that the Lender's rights regarding default are subject to the HUD regulations." *Id.* Likewise, the Taylors' mortgage explicitly warned:

> [I]n many circumstances regulations issued by the Secretary [of Housing and Urban Development] will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

*Id. See also Liberty Savs. Bank, F.S.B. v. Bowie*, 9th Dist. Summit No. 27126, 2014-Ohio-1208, ¶ 9-10 (finding loan documents demonstrated it was an Federal Housing Administration

("FHA") loan subject to HUD regulations where note indicates it is a "[m]ultistate FHA [f]ixed [r]ate [n]ote" and mortgage indicates it was an "Ohio FHA [m]ortgage" and both contained explicit statements  subjecting the loan to HUD regulations).

{¶20}  By contrast, in the present action the note and the mortgage are devoid of any language referencing the FHA, the Secretary of HUD, or HUD regulations. *See U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶ 16 (finding federal housing regulations are not a defense to a foreclosure action where there is no indication in the security instrument that the mortgage was federally insured).  In addition, the supplementary affidavit specifically averred that the Burdens' loan was not an FHA loan, guaranteed, or insured by the FHA.

{¶21}  The Burdens argue, nonetheless, that the HUD regulations are applicable because Section 16 of their mortgage specifies, "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."  We disagree with the Burdens and agree with the Eleventh District's analysis that:

> The recognition of the fact that the mortgage, as with any business transaction occurring within the territorial United States, is subject to federal law does not demonstrate that the mortgage is federally insured or that federal housing regulations have otherwise been incorporated into the agreement.

*Martz* at ¶ 16.

{¶22}  The Burdens have failed to point to any specific facts or provisions in the note, mortgage, or otherwise demonstrating the applicability of the referenced HUD regulations to the subject action.  The Burdens' assignment of error, as it relates to the HUD regulations, is overruled.

**Required Notices**

{¶23}   The Burdens also argue that Chase failed to comply with the notice provisions of the subject note and mortgage.  It is undisputed that the mortgage contained a provision requiring notice of default prior to accelerating the debt.

{¶24}   Section 22 of the mortgage requires:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *.  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

{¶25}   The letter sent by Chase on February 28, 2012 states:

You are in default because you have failed to pay the required monthly installments commencing with the payment due January 1, 2012. * * * You must pay the Total Monthly Payments listed in Paragraph 2 within 35 days from the date of this notice in order to cure this default. * * * If you fail to cure the default on or before April 3, 2012, Chase will accelerate the maturity of the Loan, * * * declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure proceedings, all without further notice to you.

The Burdens have not disputed the content of the letter; rather they have argued that Chase failed to send it by certified mail.  In addition, Mr. Burden avers that he did not receive it.

{¶26}   Regarding the manner of giving notices, Section 15 of the mortgage states:

All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.

Similarly, Section 8 of the note provides, "Unless Applicable Law requires a different method, any notice that must be given to [Borrower] under this Note will be given by delivering it or by

mailing it by first class to [Borrower] at the Property Address above or at a different address if [Borrower] give[s] the Note Holder a notice of [Borrower's] different address."

{¶27} Chase's supplemental affidavit specifically averred, "On February 28, 2012, Plaintiff sent Defendant the breach letter, a copy of which is attached to this affidavit as an exhibit, by mailing the same by first class mail to the property address." Section 15 of the mortgage and Section 8 of the note expressly permit notices to be delivered by first class mail. The Burdens' contention that the notice had to be sent certified mail is without merit.

{¶28} The Burdens further argue there remains a genuine issue of material fact because Mr. Burden alleges that he did not receive the notice. Section 15 of the mortgage specified, "Any notice to Borrower in connection with this Security Instrument *shall be deemed to have been given to Borrower when mailed by first class mail * * *.*" (Emphasis added). Based on this plain language, Chase did not have to prove receipt of the notice. Rather, the notice was effective upon mailing it first class. *See Martz* at ¶ 18-20 (analyzing identical language and holding duty to provide notice satisfied when sent by first class mail).

{¶29} The Burdens have failed to demonstrate a genuine issue of fact for trial. The Burdens' assignment of error, as it relates to the required notices, is overruled.

### III

{¶30} The Burdens' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶31} I concur in the judgment in light of the specific arguments raised on appeal.

{¶32} The basis upon which the Bank moved for summary judgment was its position that there was an absence of a material dispute of fact as to whether Mr. Burden complied with his duties under the note and mortgage. As Mrs. Burden was not a signatory on the note, the focus of the motion was upon Mr. Burden's failure to pay the note when due. In support, the Bank attached the affidavit of its vice president Lassana Camara, who averred that the bank had not received payments due and owing under the note and that the outstanding balance was

$497,925.08. Ms. Camara also averred that the copies of the Note and Mortgage attached to her affidavit were true and accurate copies and that "[a]lso attached as Exhibit(s) is a copy of an electronic version of the breach letter sent to Borrower." Notably, however, the Bank did not assert that there was an absence of material dispute as to its own satisfaction of its duties under the Note and Mortgage, and Ms. Camara's affidavit did not contain any averment as to when the letter was supposedly sent.

{¶33} The Burdens opposed the Bank's summary judgment motion arguing that the Bank was not entitled to judgment given that it had not demonstrated its compliance with the notices which would entitle it to foreclose, namely paragraph 22 of the Mortgage. On June 24, 2013, the Bank filed its reply. With respect to the Burdens' assertion that the Bank had failed to demonstrate its satisfaction of the notice provisions under the note and mortgage, the Bank responded that the Burdens "did not raise this issue specifically and with particularity [in their Answer], but merely made the general statement contained in [their] Answer at ¶ 23." As such, the Bank contended that the particular issue was waived, thereby relieving the Bank of the necessity of moving for summary judgment on that basis. The Bank also argued in its reply that Ms. Camara had averred in her affidavit that the Bank had sent the required notice.

{¶34} In the meantime, the Bank sought leave to file a supplemental affidavit in support of its motion for summary judgment. The trial court granted leave, and, on August 20, 2012, the Bank submitted the supplemental affidavit of Kelley Stahl, in which Ms. Stahl averred that the notice letter had been sent on February 28, 2012. Three days later, the trial court awarded summary judgment to the Bank, relying in part on the supplemental affidavit.

{¶35} As an initial matter, it is troubling that the trial court entered judgment against the Burdens merely three days after the Bank submitted its supplemental affidavit. The certificate of

service attached to the Bank's motion to file Ms. Stahl's affidavit indicated that it had been mailed to the Burdens on August 20, 2012, making it very unlikely that they could have responded prior to the trial court's entry awarding summary judgment three days later. *See Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529, ¶ 16 (concluding that the trial court erred in granting summary judgment without giving the non-moving party an opportunity to respond to new arguments in a reply brief). It is also problematic that, while the trial court allowed the Bank to submit a supplemental affidavit, the Bank did not seek leave to actually amend its motion for summary judgment. Thus, at the time of judgment, the trial court essentially granted judgment on a basis (i.e. the satisfaction of a condition precedent) which was not originally moved upon by the Bank. *See Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996) (A movant "bears the initial burden of demonstrating that there are no genuine issues of material fact *concerning an essential element of the opponent's case*.") (Emphasis omitted and added.). Summary judgment can be a useful procedure, but it "represents a shortcut through the normal litigation process by avoiding a trial[.]" *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). That is why it is designed to provide a non-moving party an opportunity to respond if the moving party meets its initial *Dresher* burden. *See id. See also Dresher* at 293. To allow a movant to meet its *Dresher* burden through evidence submitted in reply to a non-movant's motion in opposition circumvents both the spirit and substance of the Civ.R. 56.

{¶36} Nevertheless, the Burdens have not assigned either of these issues as error on appeal, and, under these circumstances, I cannot say that this Court is in error in affirming the judgment. *See* App.R. 16(A)(7); *Goldfuss v. Davison*, 79 Ohio St.3d 116, 121 (1997) ("In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the

utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.").

{¶37} It is also troubling that the trial court appeared to improperly shift the burden to prove a condition precedent upon the Burdens, incorrectly implying that the notice issue raised by the Burdens was a "defense[]" rather than a condition precedent for which the Bank bore the burden. In its entry, the trial court finds that, "[w]hile Plaintiff submitted an Affidavit and other supporting documentation to support its claim, Defendants have failed to produce sufficient evidence to support their defenses." However, whether a condition precedent has been satisfied is not a defense a defendant has to prove, and the trial court's apparent belief to the contrary is a misstatement of the law. *See LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13 ("[W]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent[.]") (Internal quotations and citations omitted.). The Burdens were under no obligation to "support their defenses[;]" they only had to show that there was a genuine dispute of fact as to whether the Bank had complied with the conditions precedent. *See id.* at ¶ 14. Nevertheless, given the substance of Ms. Stahl's affidavit and as noted above, the absence of any challenge to the propriety of the trial court's consideration of Ms. Stahl's affidavit or the timing of the trial court's ruling, it is appropriate to overrule the stated assignments of error. *See* Civ.R. 61.

{¶38} Accordingly, given the assignments of error advanced in this appeal, I concur that the trial court's award of summary judgment may be properly affirmed.

APPEARANCES:

MARK E. OWENS and RONALD L. CAPPELLAZZO, Attorneys at Law, for Appellant.

JOHN E. CODREA, ANN MARIE JOHNSON, and SHERRIE MIKHAIL MIDAY, Attorneys at Law, for Appellee.

RICHARD A. FRESHWATER and STEPHEN D. WILLIGER, Attorneys at Law, for Appellee.