[Cite as *Palmer v. Bowers*, 2019-Ohio-1274.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| RICHARD PALMER | | C.A. No. 17CA011137 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT J. BOWERS | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No. 12CV178356 |

DECISION AND JOURNAL ENTRY

Dated: April 8, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellants, Richard Palmer, Loretta Frimel, and Mike Taylor, appeal from the judgment of the Lorain County Common Pleas Court in favor of Appellees, Graham Hall, Robert Bowers, Judith Bowers, and Hall Contracting Services, Inc.[1] For the reasons set forth below, this Court reverses.

I.

{¶2} Hall Contracting Services, Inc. ("HCS"), a privately held Ohio corporation, was incorporated in 2005 with Mr. Palmer, Mr. Hall, Mr. Bowers, and others as shareholders. HCS was engaged in the business of installing and removing printing presses in the newspaper industry throughout the United States.

---

[1] While Robert Bowers and Hall Contracting Services, Inc. are listed as appellees, Mr. Palmer's assignments of error only pertain to Mr. Hall and Mrs. Bowers.

{¶3} In 2007, eight of HCS's nine shareholders signed a Majority Shareholder Agreement ("MSA"). Mr. Bowers did not sign the MSA and thus was not bound by any of the MSA terms. The MSA placed limitations on the transferability of shares, identified rights of first and second refusal, and established steps for amending the MSA.

{¶4} In May 2012, Mr. Palmer, Mr. Hall, and a third shareholder, Robert MacKenzie,[2] were elected as directors of HCS, and Mr. Palmer was selected as president. Shortly thereafter, Mr. Hall and Mr. Bowers began discussing a sale of shares in order to "'kill the shareholders agreement'" and take control of HCS.

{¶5} Following those conversations, Mr. Bowers sold his shares to Mr. Hall in July 2012, but Mr. Hall did not disclose the transfer to HCS and the other directors and shareholders until August 2012. This sale of shares resulted in Mr. Hall becoming the majority shareholder of HCS and Mr. Bowers no longer being a shareholder of HCS. Despite the fact that Mr. Bowers was no longer a shareholder, Mr. Hall continued to share confidential financial information regarding HCS with Mr. Bowers.

{¶6} In September 2012, Mr. Hall and Mr. MacKenzie voted as a supermajority to amend the MSA. The amendment removed the restrictions on the transferability of shares, including those limitations related to transfers between spouses, and eliminated the right of first and second refusal. Later the same month, Mr. Hall and Mr. MacKenzie sold their shares in HCS to Mrs. Bowers, making her the majority shareholder. After the stock transfer, Mrs. Bowers appointed her husband, Mr. Bowers, as the new president and CEO of HCS.

---

[2] Mr. MacKenzie is a third-party defendant in the underlying case, but not a party to this appeal.

{¶7} In response to these events, Mr. Palmer filed a shareholder derivative action on behalf of HCS (a nominal defendant) against Mr. Hall and Mr. and Mrs. Bowers. Additionally, Mr. Palmer filed individual claims for injunctive relief, accounting, civil conspiracy, and breach of fiduciary duty. The verified complaint also asserted various declaratory judgment claims regarding the validity of the parties' actions and the parties' rights and status with respect to HCS. Mr. Hall, Mr. and Mrs. Bowers, and HCS filed their own counterclaims, cross-claims, and a third-party complaint.

{¶8} The parties filed various competing summary judgment motions. However, only two summary judgment motions were granted and are the subject of this appeal.

{¶9} The first concerns Mr. Hall's motion for summary judgment as to two of the declaratory judgment claims and the civil conspiracy and breach of fiduciary duty claims in Mr. Palmer's verified complaint. The trial court granted Mr. Hall summary judgment on counts 1, 2, 9, and 10 of Mr. Palmer's verified complaint.

{¶10} The second involves Mr. and Mrs. Bowers and HCS's motion for summary judgment as to all of the declaratory judgment claims, the civil conspiracy claim, and the shareholder derivative action. The trial court granted Mr. and Mrs. Bowers and HCS summary judgment as to counts 1-9, and 11[3] of Mr. Palmer's verified complaint.

---

[3] Mr. Palmer suggests that the trial court's order referencing Count 11 is an error and in fact should read Count 10. This Court disagrees. First, Count 10 only asserts a claim against Mr. Hall. Second, Mr. and Mrs. Bowers and HCS sought summary judgment as to Count 11, not Count 10, and a trial court may not grant summary judgment on a claim when it was not sought. *Urda v. Buckingham, Doolittle & Burroughs, LLP*, 9th Dist. Summit No. 22547, 2005-Ohio-5949, ¶ 13. While there is no count numbered "11" in the verified complaint, the request for a derivative action follows Count 10 and can be construed as being Count 11. Moreover, Mr. and Mrs. Bowers and HCS moved for summary judgment on the derivative action.

{¶11} Upon the joint request of Mr. Hall, Mr. and Mrs. Bowers, and HCS, the trial court amended these two judgments by adding the certification that there was no just reason to delay an appeal of the two summary judgment orders. Concurrent with the order certifying Civ.R. 54(B) language, the trial court granted Ms. Frimel and Mr. Taylor, other minority shareholders of HCS, permission to intervene as plaintiffs upon the condition that they "participate in and be bound by the * * * disposition of the appeal." Further, the trial court ordered that Ms. Frimel and Mr. Taylor "shall be bound by all rulings entered in this case to date, including but not limited to the summary judgment rulings disposing of [Mr.] Palmer's claims and which are equally dispositive of their claims." After the appeal was filed, the trial court stayed the case.

{¶12} Mr. Palmer, Ms. Frimel, and Mr. Taylor timely appeal from the summary judgment entries, asserting one assignment of error regarding the civil conspiracy (Count 9) and breach of fiduciary duty (Count 10) claims.[4]

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT ON THE CONSPIRACY AND BREACH OF FIDUCIARY DUTY CLAIMS.[]

{¶13} Mr. Palmer asserts that the trial erred when it granted summary judgment on the breach of fiduciary duty and civil conspiracy claims. This Court agrees.

---

[4] During oral argument, Mr. Palmer's counsel confirmed he is not appealing the trial court's decision relative to his declaratory judgment claim contained in Count 1.

{¶14} This Court reviews an order granting summary judgment de novo. *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper under Civ.R. 56(C) when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶15} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E). However, "[i]f the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id*. at 293.

**Count 10 – Breach of Fiduciary Duty against Mr. Hall**

{¶16} Mr. Palmer argues that "material fact issues exist" regarding the breach of fiduciary duty claim and that "[t]he trial court erred in granting summary judgment on the breach of fiduciary duty claim upon finding that there was no breach of the [MSA]." Mr. Palmer's argument suggests that the trial court misapplied the law because it "did not acknowledge or

appreciate the distinction between" Mr. Hall's contractual liability in complying with the terms of the MSA as opposed to Mr. Hall's tort liability arising from a breach of his fiduciary duties. This Court does not reach this argument because Mr. Hall failed to meet his initial *Dresher* burden with respect to Count 10.

{¶17} "'[A] close corporation is a corporation with a few shareholders and whose corporate shares are not generally traded on a securities market.'" (Alteration sic.) *Universal Real Estate Solutions, Inc. v. Snowden*, 9th Dist. Summit No. 27171, 2014-Ohio-5813, ¶ 45, quoting *Crosby v. Beam*, 47 Ohio St.3d 105 (1989), paragraph one of the syllabus. There are different fiduciary duties in a close corporation: duties between shareholders and duties owed by a director or officer. *See Morgan v. Ramby*, 12th Dist. Warren No. CA2007-12-147, 2008-Ohio-6194, ¶ 22.

{¶18} In a close corporation, the majority shareholders owe a heightened fiduciary duty to deal in the "'""utmost good faith and loyalty"'"" with the minority shareholders. *Crosby* at 108, quoting *Donahue v. Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 593 (1975), quoting *Cardulla v. Landau*, 329 Mass. 5, 8 (1952). The fiduciary duty between majority shareholders and minority shareholders is breached when the majority shareholders, absent a legitimate business purpose, control the corporation in such a way as to prevent the minority shareholders from "having an equal opportunity in the corporation." *Crosby* at 109.

{¶19} The fiduciary duty of a director of a closely held corporation is owed to the corporation and to the corporation's shareholders, collectively. *Universal Real Estate Solutions, Inc.* at ¶ 45, quoting *Morgan* at ¶ 22. These fiduciary duties "'include a duty of good faith, a duty of loyalty, a duty to refrain from self-dealing[,] and a duty of disclosure.'" *Universal Real Estate Solutions, Inc.* at ¶ 45, quoting *Wing Leasing, Inc. v. M & B Aviation, Inc.*, 44 Ohio

App.3d 178, 181 (10th Dist. 1988); *Morgan* at ¶ 22. R.C. 1701.59(B) requires a director in a closely held corporation to "perform the director's duties * * * in good faith, in a manner the director reasonably believes to be in or not opposed to the best interests of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances."

{¶20} Here, the verified complaint averred that HCS is a close corporation. *See State ex rel. Spencer v. East Liverpool Planning Comm.*, 80 Ohio St.3d 297, 298 (1997); *Johnson v. SK Tech, Inc.*, 2d Dist. Montgomery No. 23522, 2010-Ohio-3449, ¶ 15, fn. 2 ("Because that complaint is verified, it has evidentiary quality for summary-judgment purposes."). Mr. Hall argues, for the first time on appeal, that HCS is not a close corporation. This Court, however, will not consider an issue raised for the first time on appeal. *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. As there was no evidence from Mr. Hall controverting this allegation, nor any challenge in the summary judgment motion as to this allegation, the allegation pled in the verified complaint that HCS is a close corporation is sufficient to withstand summary judgment. *See Spencer* at 298-299.

{¶21} In 2012, Mr. Hall held two different roles at HCS: majority shareholder and director. Thus, Mr. Hall owed two separate fiduciary duties: 1) a fiduciary duty as a majority shareholder to the minority shareholders; and 2) a fiduciary duty as a director to HSC and the shareholders. Mr. Palmer alleged claims of breach of fiduciary duty based upon both roles held by Mr. Hall. Count 1, a declaratory judgment claim, addressed the amendment of the MSA and Mr. Hall's fiduciary duties as a majority shareholder to the minority shareholders, while Count 10 concerned Mr. Hall's fiduciary duties as a director to HCS and all of the shareholders. However, only Count 10 is before this Court.

{¶22} Mr. Hall argued extensively in Count 1 that he did not breach his fiduciary duty as a majority shareholder to the minority shareholders because the amendment of the MSA was contractually permissible and did not prevent the minority shareholders from having an equal opportunity in the corporation. *See Crosby*, 47 Ohio St.3d at 109. Mr. Hall then argued that the same arguments asserted in Count 1 applied to Count 10.

{¶23} Mr. Hall's reliance upon his previous arguments in support of Count 10 is fatal to his summary judgment motion. While Mr. Hall quoted the language used in Count 10 of the verified complaint in his summary judgment motion, he failed to recognize that the breach of fiduciary duty claim pled in Count 10 addressed the fiduciary duty of a director and, thus, was different from the breach of fiduciary duty allegations pled in the declaratory judgment claim in Count 1 which concerned the fiduciary duty of a majority shareholder to the minority shareholders. Because the fiduciary duties of a director and majority shareholder are different and owed to different parties, Mr. Hall's summary judgment arguments in support of Count 1 were not applicable to Count 10. *See Thompson v. Cent. Ohio Cellular, Inc.*, 93 Ohio App.3d 530, 540-541 (8th Dist.1994) (setting forth the fiduciary duties of a director and a majority shareholder); *Morgan*, 2008-Ohio-6194, at ¶ 22. Mr. Hall's summary judgment motion relied solely upon the majority shareholder arguments and did not address the various fiduciary duties of a director that are owed to the corporation and the shareholders as pled in Count 10. *See Thompson* at 540-541.

{¶24} Mr. Palmer argued in his response brief that Mr. Hall failed to meet his initial *Dresher* burden as to the breach of fiduciary duty of a director and, thus, summary judgment should be denied. Mr. Hall countered by claiming that Mr. Palmer "cobble[d] together these new

theories of liability" and "conflate[d] the fiduciary duties owed by shareholders." (Emphasis deleted.) Mr. Hall's assertion belies the verified complaint.

{¶25} Count 10 set forth allegations that supported a claim of breach of fiduciary duty of a director and, thus, was not a new theory of liability "cobble[d] together" by Mr. Palmer in his response brief. For instance, the verified complaint stated "HCS is a close corporation in which its **directors** have fiduciary duties, including **a duty of good faith, a duty of loyalty, a duty to refrain from self-dealing[,] and a duty of disclosure**." (Emphasis added.) This allegation specifically identified directors and then stated the directors' fiduciary duties under the law. *See Universal Real Estate Solutions, Inc.*, 2014-Ohio-5813, at ¶ 45; *Morgan* at ¶ 22. Contrary to Mr. Hall's reply argument, there was no reference to a shareholder's fiduciary duties in Count 10 to conflate.

{¶26} Additionally, the verified complaint stated "[Mr.] Hall breached the fiduciary duties he **owed to the Corporation and its shareholders**" and did so by "subordinat[ing] the interests of the **Corporation and its shareholders** to his own pecuniary interests, **in bad faith, and in a manner that any reasonable person would know is opposed to the best interests of the Corporation**." (Emphasis added.) This allegation served as further support that Count 10 was a claim for breach of fiduciary duty of a director, because it specified that the duty is owed to the corporation and its shareholders and did not reference minority shareholders. *See Thompson*, 93 Ohio App.3d at 540. Moreover, this allegation referred to the statutory language of a director's fiduciary duties to the corporation and shareholders. *See* R.C. 1701.59(B), (D)(1). Accordingly, Mr. Palmer pled a claim for breach of fiduciary duty of a director in Count 10. Mr. Hall, however, failed to realize the distinction between Counts 1 and 10 until his reply brief.

{¶27} Mr. Hall addressed the director's fiduciary duties and the lack of evidence supporting such a claim for the first time in his reply brief. However, this Court has recognized that the moving party must meet its initial *Dresher* burden in the initial motion, and not the reply brief. *See Carl Ralston Ins. Agency, Inc. v. Kenneth A. Boldt Ins. Agency, Inc.*, 9th Dist. Summit No. 23016, 2006-Ohio-3916, ¶ 12. To allow otherwise would circumvent the substance of Civ.R. 56 and the *Dresher* burden shifting. *See id*; *Dresher*, 75 Ohio St.3d at 292-293. Accordingly, Mr. Hall's arguments and evidence in his reply brief regarding the breach of fiduciary duty of a director did not satisfy his initial burden under *Dresher* as to Count 10 of the verified complaint. *See Carl Ralston Ins. Agency, Inc.* at ¶ 12.

{¶28} As an alternative basis for affirming the trial court's summary judgment ruling, Mr. Palmer argues Mr. Hall cannot establish damages. The record reflects that Mr. Hall was granted leave and filed a supplemental summary judgment motion raising arguments regarding proximate cause, damages, punitive damages and attorney fees, and the appropriate derivative plaintiff in a Civ.R. 23.1 claim. While some of these arguments may be relevant to Count 10, the trial court did not grant summary judgment to Mr. Hall based upon any of those arguments and this Court will refrain from considering those arguments on appeal. *See Lehmier v. W. Res. Chem. Corp.*, 9th Dist. Summit No. 28776, 2018-Ohio-3351, ¶ 49 (declining to decide in the first instance issues raised by the parties in summary judgment briefing, but not decided by the trial court).

{¶29} In light of the foregoing, this Court concludes that Mr. Hall failed to meet his initial *Dresher* burden of demonstrating the absence of genuine issues of material fact as to Mr. Palmer's breach of fiduciary duty of a director as alleged in Count 10. Accordingly, the trial

court erred in granting summary judgment in favor of Mr. Hall as against Mr. Palmer on Count 10 of the verified complaint.

**Count 9 – Civil Conspiracy against Mr. Hall and Mrs. Bowers[5]**

{¶30} A claim for civil conspiracy requires "'(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself.'" *The Wright Safety Co. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 24587, 2009-Ohio-6428, ¶ 32, quoting *Gibson v. City Yellow Cab Co.*, 9th Dist. Summit No. 20167, 2001 WL 123467, *3. "'[T]he underlying unlawful act must be a tort.'" (Alteration sic.) *The Wright Safety Co.* at ¶ 32, quoting *Avery v. Rossford, Ohio Transp. Improvement Dist.*, 145 Ohio App.3d 155, 165 (6th Dist.2001).

{¶31} Mr. Hall moved for summary judgment on the civil conspiracy claim on two separate bases. First, Mr. Hall argued that there were not two separate people to form a conspiracy because he and Mr. MacKenzie were both directors of HCS. Second, Mr. Hall argued that there was no evidence of an underlying unlawful act.

{¶32} Mr. and Mrs. Bowers and HCS also moved for summary judgment on the civil conspiracy claim on the basis that there was a lack of evidence of an unlawful act. They did not assert the other argument made by Mr. Hall.

{¶33} The trial court initially granted summary judgment as to the civil conspiracy claim to Mr. Hall, but failed to identify which argument upon which it based its decision. Nonetheless,

---

[5] As an initial matter it is necessary to clarify who the appellees are with respect to the civil conspiracy claim. In reply to Mr. and Mrs. Bowers and HCS's appellee brief, Mr. Palmer indicates that based upon Mr. Bowers' Chapter 7 bankruptcy discharge he is not "pursu[ing] relief in this appeal to revive claims against [Mr.] Bowers, individually[.]" Additionally, Mr. Palmer captions his rebuttal argument on the civil conspiracy claim as being against Mrs. Bowers, and not Mr. Bowers or HCS. Accordingly, we will limit our review of the civil conspiracy claim as it applies to Mr. Hall and Mrs. Bowers.

the trial court's summary judgment ruling in favor of Mr. Hall on the declaratory judgment and breach of fiduciary duty claims implied that the trial court granted summary judgment as to the civil conspiracy claim based upon a lack of evidence of an unlawful act.

{¶34} Further, support for this implication is contained within the trial court's second summary judgment ruling in favor of Mrs. Bowers as to the civil conspiracy claim. In that judgment, the trial court relied upon its "prior analysis and determination." Moreover, Mrs. Bowers only asserted one argument for summary judgment as to the civil conspiracy claim: the lack of an underlying unlawful act. Because Mrs. Bowers did not move for summary judgment upon the basis that there was a lack of two separate persons to form a conspiracy, the trial court was precluded from granting summary judgment on that basis for Mrs. Bowers. *Lehmier*, 2018-Ohio-3351, ¶ 46 (holding that "it is error for a trial court to award summary judgment on a ground not specified in the motion for summary judgment").

{¶35} As for the lack of an unlawful act, Mr. Hall and Mrs. Bowers limited their summary judgment argument to the allegations contained in Count 1 regarding a breach of fiduciary duty by a majority shareholder in amending the MSA. Count 1, however, was not Mr. Palmer's only allegation of an unlawful act.

{¶36} On appeal, Mrs. Bowers argues that the trial court's disposition of the other counts is evidence of a lack of an unlawful act. However, Mrs. Bowers did not present this argument to the trial court and it will not be considered for the first time on appeal. *See Burden*, 2014-Ohio-2746, ¶ 12.

{¶37} In light of the above analysis as to Count 10, there remains one pending tort claim relative to the civil conspiracy claim thereby rendering the trial court's grant of summary judgment as to the civil conspiracy claim erroneous as a matter of law. Likewise, for this same

reason, the trial court also erred in granting summary judgment to Mrs. Bowers on the civil conspiracy claim as a matter of law.

**{¶38}** In addition to the multiple other counts in the verified complaint, the civil conspiracy count also alleged two other acts that formed the basis of the civil conspiracy claim: "usurping the offices of Chairman and CEO[] and engaging in unauthorized transactions in the name of the Corporation." Instead of addressing these other two alleged acts, Mr. Hall asserted a broad statement that "[Mr.] Palmer has set forth no evidence showing that * * * anything else[] was an unlawful act." Such a statement is a conclusory assertion that fails to satisfy Mr. Hall's initial *Dresher* burden. *See Dresher*, 75 Ohio St.3d at 293. Mr. Hall and Mrs. Bowers did not move for summary judgment on the civil conspiracy claim on these two alternative bases nor on any of the other counts, thus the trial court could not have granted summary judgment on these bases either. *Lehmier*, 2018-Ohio-3351 at ¶ 46.

**{¶39}** Further, this Court will not address Mr. Hall's alternative argument regarding the lack of two separate persons to form a civil conspiracy. As discussed above, there is nothing in the record to support that the trial court granted summary judgment on this basis, and this Court will not consider those arguments for the first time on appeal. *See Lehmier* at ¶ 49.

**{¶40}** On appeal, Mr. Hall asserts a new argument: Mr. Palmer cannot establish the element of an injury to a person because there is a lack of evidence of damages. While Mr. Hall presented an argument regarding lack of damages in his supplemental motion for summary judgment, he did so only as to the breach of fiduciary duty claim and not the civil conspiracy claim. Thus, this Court will not consider the lack of damages argument regarding the civil conspiracy claim for the first time on appeal. *See Burden*, 2014-Ohio-2746, ¶ 12.

{¶41} Additionally, Mrs. Bowers also asserts a new argument on appeal: the "civil conspiracy claim necessarily fails unless the claimant can show an unlawful act attributable to each co-conspirator." Likewise, this argument will not be considered as Mrs. Bowers did not assert this argument in the trial court. *See Burden* at ¶ 12.

{¶42} In light of the foregoing, this Court concludes that the trial court erred in granting summary judgment in favor of Mr. Hall and Mrs. Bowers as against Mr. Palmer on Count 9 of the verified complaint.

{¶43} The sole assignment of error is sustained.

III.

{¶44} Mr. Palmer, Ms. Frimel, and Mr. Taylor's assignment of error is sustained. The judgment of the Lorain County Common Pleas Court is reversed as to the breach of fiduciary duty claim against Mr. Hall and the civil conspiracy claim against Mr. Hall and Mrs. Bowers.

Judgment reversed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

LYNNE S. CALLAHAN
FOR THE COURT


HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JAMES F. KOEHLER and TIMOTHY J. FITZGERALD, Attorneys at Law, for Appellants.

KIRK W. ROESSLER, PATRICK A. HRUBY, and JAMIE L. PRICE Attorneys at Law, for Appellees.

FRITZ E. BERCKMUELLER and MATTHEW A. CHIRICOSTA, Attorneys at Law, for Appellee.