[Cite as *State v. King*, 2019-Ohio-2060.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

DELAWRENCE A. KING

    Appellant

C.A. No.      18CA011364

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CR064084

DECISION AND JOURNAL ENTRY

Dated: May 28, 2019

SCHAFER, Judge.

{¶1} Defendant-Appellant, DeLawrence King, appeals the judgment of the Lorain County Court of Common Pleas denying several of his post-conviction motions. We affirm.

I.

{¶2} In 2004, a jury found King guilty of two counts of murder with attendant gun specifications and one count of felonious assault with an attendant gun specification. The trial court subsequently sentenced King to fifteen years to life on each murder count, three years on the felonious assault count, and three years on each firearm specification. The sentences for murder were to run concurrent with each other and consecutive to the felonious assault sentence and gun specifications, for a total of 21 years. King appealed and this Court affirmed. *See State v. King*, 9th Dist. Lorain No. 04CA008577, 2005-Ohio-4529 ("*King I*").

{¶3} Several years later, King filed a motion for resentencing, arguing that his judgment entry of conviction did not properly advise him of post-release control. The trial court

appointed counsel and held a de novo sentencing hearing. Following the hearing, the trial court sentenced King to 15 years to life on each murder count and three years on the felonious assault count to be served concurrently. The trial court then merged the gun specifications and sentenced King to three years to be served consecutively with the murder and felonious assault sentences, for a total of 33 years imprisonment. King appealed and this Court affirmed. *See State v. King*, 9th Dist. Lorain No. 10CA009755, 2010-Ohio-4400 ("*King II*").

{¶4} On May 18, 2018, King filed two motions for resentencing and a motion to vacate and/or set aside conviction. The State responded to King's motions. The trial court subsequently denied the motions.

{¶5} King filed this timely appeal raising four assignments of error for our review.

II.

### Assignment of Error I

**The trial court violated [King]'s [d]ue process right[s], when it used his juvenile record to increase or enhance his sentence beyond the statutory minimum[s](sic.)[,] violating his [rights under the] Fourteenth Amendment to the United States Constitution, [and] Article I Section 16 of the Ohio Constitution[.]**

### Assignment of Error II

**[King]'s [s]entence and/or conviction are void because his sentence is contrary to [R.C.] 2903.02(B), violating his [rights under the] Fourteenth Amendment to the [United] States Consitution, [and] Article I Section 16 of the Ohio Constitution.**

### Assignment of Error III

**[King]'s [s]entence and/or conviction are void because he was sentence[d to] multiple sentences for allied offenses of similar import[,] violating R.C. 2941.25[,] which prohibits imposition of multiple sentences for allied offenses of similar import, thus violating his [rights under the] Fourteenth Amendment to the [United] States Constitution, [and] Article I Section 10 [and] Section 16 of the Ohio Constitution.**

{¶6} King's first three assignments of error argue that the trial court erred by denying his two motions for resentencing and his motion to vacate and/or set aside his conviction. This Court disagrees.

{¶7} "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for post-conviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Upon review, we determine that despite King's arguments to the contrary, all three of King's motions are properly construed as petitions for postconviction relief.

{¶8} Pursuant to former R.C. 2953.21(A)(2), a petition for postconviction relief must have been filed no later than 180 days after the day the trial transcript was filed in King's direct appeal from the judgment of conviction and sentence. Additionally, R.C. 2953.23(A) prohibits a trial court from entertaining an untimely petition for postconviction relief, unless certain exceptions apply. Pertinent to this appeal, those exceptions include:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * .

R.C. 2953.23(A)(1).

{¶9} In this case, the trial transcript was filed in *King I* on March 9, 2005, and in *King II* on February 18, 2010. Thus, even if this Court were to determine that *King II* involved a direct appeal, King's motions would be untimely. *See* former R.C. 2953.21(A)(2). Moreover, King did not assert below or argue on appeal that either exception set forth in R.C. 2953.23(A) is applicable in this case. Therefore, we conclude that the trial court was without jurisdiction to entertain King's motions and the trial court did not err in denying them. *See Davis*, 2015-Ohio-5182, ¶ 8.

{¶10} King's first, second, and third assignments of error are overruled.

### Assignment of Error IV

**[King]'s Thirteenth Amendment right was violated when he was sentenced and found guilty of charge[s] that are contrary to Ohio's law.**

{¶11} In his fourth assignment of error, King appears to argue that his state and federal constitutional rights were violated because he was not "duly" convicted as required by the Thirteenth Amendment of the United States Constitution.

{¶12} Nonetheless, a review of the record shows that King did not raise this issue below. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. As the arguments in King's fourth assignment of error are not properly before this Court, we decline to address them. *See Id.*

{¶13} King's fourth assignment of error is overruled.

### III.

{¶14} King's assignments of error are overruled. Therefore, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DELAWRENCE A. KING, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.