DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Terry Schultz, appeals the decision of the Lorain County Court of Common Pleas denying his motion to vacate judgments in favor of Plaintiff-Appellee, the Lorain County Treasurer, Daniel J. Talarek ("the Treasurer"). This Court affirms based on reasons other than those relied upon by the trial court.
 I {¶ 2} On October 12, 2007, the Treasurer, filed a complaint for foreclosure and sale of real estate based on delinquent taxes Schultz owed on the property he owned located at 6782 Case Road in North Ridgeville, Ohio. On November 3, 2007, the Treasurer sent Schultz a summons and the complaint by certified mail, return receipt requested. The mail was returned three days later as undeliverable and unable to be forwarded. Following this failed attempt at service, the Treasurer then searched the following records to locate a current address for Schultz: (1) local telephone directories; (2) local city directories; (3) records of the Treasurer; (4) records *Page 2 
of the Lorain County Auditor; and (5) records of the Lorain County Probate Court. The Treasurer then requested service by publication and provided the court with an accompanying affidavit identifying the search methods he had used to locate Schultz. Based on these efforts, the trial court granted the Treasurer's motion for service by publication.
 {¶ 3} The Treasurer then published a legal notice of foreclosure in The Chronicle, a newspaper distributed throughout Lorain County, for three consecutive weeks in November 2007. Having received no response, the Treasurer filed a motion for default judgment on January 7, 2008, which the court granted on January 28, 2008.
 {¶ 4} In early March, 2008, the court ordered the property be sold at sheriff's sale in satisfaction of the Treasure's judgment lien. The property was set for sheriff's sale on July 2, 2008, and notice of the sale was published in The Chronicle for three consecutive weeks in June 2008. The property sold at the sheriff's sale for $72,800, of which approximately $13,300 was paid to the Treasurer to satisfy the outstanding property taxes. The court entered an order confirming the sale on July 25, 2008.
 {¶ 5} On August 26, 2008, Schultz filed a motion to vacate the default judgment, the foreclosure judgment, and the order confirming sale based on a lack of notice. The trial court found that service complied with Civ. R. 4 and consequently denied Schultz's motion. Schultz timely appealed and asserts five assignments of error for our review. We combine several assignments of error for ease of analysis.
 II Assignment of Error Number One "SCHULTZ PRESENTED UNCONTRADICTED EVIDENCE THAT HE DID NOT RECEIVE ACTUAL NOTICE OF THE FORECLOSURE PROCEEDINGS. AS A RESULT, THE TRIAL COURT LACKED PERSONAL *Page 3 
JURISDICTION OVER HIM AND COMMITTED REVERSIBLE ERROR IN FAILING TO VACATE THE FORECLOSURE JUDGMENTS."
 Assignment of Error Number Two
"SERVICE BY PUBLICATION IN THIS CASE VIOLATED SCHULTZ'S FEDERAL AND STATE DUE PROCESS RIGHTS. AS A RESULT, THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO VACATE THE FORECLOSURE JUDGMENTS."
 Assignment of Error Number Three "THE TREASURER FAILED TO STRICTLY COMPLY WITH THE REQUIREMENTS OF CIV. R. 4.4. AS A RESULT, THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO VACATE THE FORECLOSURE JUDGMENTS."
 Assignment of Error Number Four "THE TREASURER FAILED TO EXERCISE REASONABLE DILIGENCE IN OBTAINING SERVICE UPON SCHULTZ. AS A RESULT, THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE TREASURER COMPLIED WITH CIV. R. 4.4."
 {¶ 6} In his first four assignments of error, Schultz generally asserts that he did not receive actual notice of the proceedings against him because the Treasurer failed to comply with the notice provisions for service by publication as set forth in Civ. R. 4. Thus, he alleges the trial court erred in denying his motion to vacate because it failed to obtain personal jurisdiction over him. We disagree, but for reasons other than those articulated by the trial court.
 {¶ 7} In his first assignment of error, Schultz argues that the court lacked personal jurisdiction over him because he did not receive actual notice of the foreclosure proceeding. Consistent with that claim, Schultz's second assignment of error alleges that his due process rights were violated based on his lack of actual notice. Schultz argues that, because he was "still in possession" of the property, the Treasurer could have posted a notice at the property to put him on notice of the foreclosure proceeding. Schultz incorporated an affidavit into his motion to vacate in which he attested to maintaining the yard, paying the property's utility bills, visiting the *Page 4 
property on a monthly basis, and storing a significant amount of personal property there. He admits, however, that he was not receiving mail at the property because he had not replaced the mailbox at the property after it was destroyed by a car running into it in 2005. Schultz asserts, however, that the Treasurer also could have conducted a "very basic" internet search to locate his current address because he is still in the Cleveland area.
 {¶ 8} In his third assignment of error, Schultz asserts that the Treasurer failed to exercise strict compliance with Civ. R. 4.4, which requires a plaintiff state "all of the efforts made" to determine a defendant's residence. In the affidavit accompanying his request for service by publication, the Treasurer listed five different searches he performed when attempting to locate Schultz's current address. The Treasurer also alleged in his response to the motion to vacate that he used "criss-cross directories and the internet" to locate Schultz, which was not one of the five search methods listed on his original affidavit. Schultz alleges that, by omitting the internet searches from the original affidavit, the Treasurer has failed to strictly comply with the requirement to identify "all of the efforts [he] made," so consequently, service was defective.
 {¶ 9} In his fourth assignment of error, Schultz argues that the trial court abused its discretion by allowing service by publication pursuant to Civ. R. 4.4, because the Treasurer did not exercise "reasonable diligence" in trying to locate his address beforehand. Schultz maintains that reasonable diligence under the rule necessitated the Treasurer perform a "basic internet search" and post a notice at the property.
 {¶ 10} Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo. CommuniCare Health Servs.,Inc. v. Murvine, 9th Dist. No. 23557, 2007-Ohio-4651, at ¶ 13. The Treasurer brought the underlying complaint against Schultz for delinquent taxes pursuant to R.C. 5721.18 ("the tax foreclosure statute"). Initially, we note that a *Page 5 
tax foreclosure action brought pursuant to R.C. 5721.18 constitutes an in rem proceeding, and thus "it operates on the land itself and not on the title of the one in whose name the property is listed for taxation."In re Foreclosure of Lien for Delinquent Taxes by Action in Rem,2008-Ohio-1173, 7th Dist. No. 06-JE-40, at ¶ 18, quoting Hunter v.Grier (1962), 173 Ohio St. 158, 161. Thus, Schultz's alleged error based on a lack of personal jurisdiction is misplaced.
 {¶ 11} Next, we consider the process dictated in the tax foreclosure statute which identifies the steps the taxing authority must follow to foreclose upon its lien. The tax foreclosure statute expressly delineates the manner by which the State is to provide notice of the foreclosure to the property owners as follows:
 "Within thirty days after the filing of a complaint, the clerk of the court in which the complaint was filed shall cause a notice of foreclosure substantially in the form of the notice set forth in division (B) of section 5721.181 of the Revised Code to be published once a week for three consecutive weeks in a newspaper of general circulation in the county. ***
 "After the third publication, the publisher shall file with the clerk of the court an affidavit stating the fact of the publication and including a copy of the notice of foreclosure as published. Service of process for purposes of the action in rem shall be considered as complete on the date of the last publication.
 "Within thirty days after the filing of a complaint and before the final date of publication of the notice of foreclosure, the clerk of the court also shall cause a copy of a notice substantially in the form of the notice set forth in division (C) of section 5721.181 of the Revised Code to be mailed by certified mail, with postage prepaid, to each person named in the complaint as being the last known owner of a parcel included in it, or as being a lienholder or other person with an interest in a parcel included in it. The notice shall be sent to the address of each such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. ***" (Emphasis added.) R.C. 5721.18 (B)(1).
We note that the civil rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply to *** special statutory proceedings[,]" where the statute establishes specific procedures to be followed based on the nature of the action. Civ. R. 1(C)(7). Such is the case in a tax foreclosure action. See R.C. 5721.18(B)(1); see, also,In Matter of Foreclosure of Liens for *Page 6 Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent TaxLiens (July 25, 1996), 10th Dist. No. 96APE02-160, at *3. Additionally, the Ohio Supreme Court has held that the notice provisions set forth in the tax foreclosure statute satisfy the due process requirement "that notice must be reasonably calculated, under all circumstances, to apprise interested parties" of a pending action and afford them with an opportunity to be heard. In re Foreclosure of Liens for DelinquentTaxes (1980), 62 Ohio St.2d 333, paragraph one of the syllabus,citing Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306. Furthermore, to the extent that the tax foreclosure statute requires notification by both certified mail and publication, the Ohio legislature has established a standard in these cases which exceeds the minimum due process requirements set forth by Mullane. In re Foreclosureof Liens, 62 Ohio St.2d at 336.
 {¶ 12} In this case, the Treasurer provided notification of the foreclosure by certified mail and by publication in compliance with the provisions outlined in the tax foreclosure statute. Despite Schultz's position that the Treasurer should have conducted a more extensive internet search or posted a notice on his property, it is clear the Treasurer's attempts at service fell squarely within the requirements of the tax foreclosure statute's notice provisions; provisions which the Ohio Supreme Court has determined satisfy a property owner's due process rights. Moreover, we note that Revised Code imposes a statutory duty upon a property owner to notify the county treasurer in writing of any change in address for the property's tax bill. See R.C. 323.13
(requiring that "[a] change in the mailing address of any tax bill shall be made in writing to the county treasurer"). While Schultz asserts that the Treasurer could have pursued more diligent searches to locate his current address or placed a visible notice of the foreclosure at his property, he ignores his statutory obligation to inform the Treasurer of his current mailing address for taxation, as well as the more basic responsibility to maintain a method for receipt of *Page 7 
mail related to his property. We agree with others who have held that, when the county treasurer complies with the service procedures outlined in R.C. 5721.18, service upon the property owner is valid, particularly in situations where the property owner fails to comply with his obligations set forth in R.C. 323.13. J. Terry Evans Licking CountyTreasurer v. Jallaq (Aug. 22, 1996), 5th Dist. No. 95CA-127, at *1-2;In re Foreclosure of Lien for Delinquent Taxes by Action in Rem
at ¶ 39.
 {¶ 13} For the foregoing reasons, we conclude that Schultz's first four assignments of error are without merit. Accordingly, those assignments of error are overruled.
 Assignment of Error Number Five "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO JOIN DAVID SALINAS AS A PARTY TO THE FORECLOSURE PROCEEDING."
 {¶ 14} In his fifth assignment of error, Schultz argues that the party who purchased his property at the sheriff's sale, David Salinas, should have been joined as a necessary party to this proceeding pursuant to Civ. R. 19. Given the disposition of Schultz's first four assignments of error, his fifth assignment of error is moot.
 III {¶ 15} Schultz's first four assignments of error are overruled and his fifth assignment of error is moot. Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. *Page 8 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, P. J. CARR, J. CONCUR. *Page 1