[Cite as *Cuyahoga Cty. Treasurer v. Samara*, 2014-Ohio-2974.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99977**

# TREASURER OF CUYAHOGA COUNTY, OHIO

PLAINTIFF-APPELLEE

vs.

# ROBYN SAMARA, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-773761

**BEFORE:** Kilbane, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**APPELLANT**

Robyn Samara, pro se
2106 W. 93rd Street
Cleveland, Ohio 44102

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Adam D. Jutte
Anthony J. Giunta
Michael A. Kenny
Colleen Majeski
Judith Miles
Gregory Rowinski
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Robyn Samara ("Samara"), appeals from a decree of foreclosure arising from a 2009 delinquent land certificate. Having reviewed the record and pertinent law, we affirm the trial court's decision.

**{¶2}** On September 23, 2009, the Cuyahoga County auditor issued a delinquent land certificate in the amount of $3,946.72 for Samara's property located at 2104 West 93rd Street in Cleveland. A preliminary judicial report filed on November 5, 2011, states that, according to the Cuyahoga County treasurer's tax duplicate for the second half of 2010, $10,001.41 plus penalty is due and payable. In addition, there is a mortgage in the amount of $22,573 upon the parcel, and three judgment liens in the amounts of $4,674.50, $1,756.46, and $3,268.72.[1]

**{¶3}** On January 18, 2012, the treasurer filed a complaint for collection of $3,946.72 in delinquent taxes against Samara and named others having interests in the parcel. Samara chose to represent herself in the matter and for her answer, demanded proof of the county's claim. In addition, she created a variety of documents that she deemed to be a "presentment for value" or satisfaction of the tax delinquency. On June 20, 2012, Samara filed a "debt forgiveness voucher," which she described in oral argument as a type of document she creates to satisfy her various debts; however, to date, the voucher has not been accepted as lawful payment of any debt.

---

[1] On May 21, 2012, the treasurer submitted an endorsement to the preliminary judicial report that indicated that the lien in the amount of $4,674.50 was satisfied.

**{¶4}** The matter proceeded to a tax hearing on June 21, 2012. On August 24, 2012, the trial court issued the following two orders:

> Tax hearing held by magistrate on 6/21/12. Assistant prosecuting attorneys * * * appeared for plaintiff and defendant-titleholder Robyn Samara appeared on her own behalf. Magistrate finds taxes and other charges due and payable. Decree of foreclosure in favor of Treasurer of Cuyahoga County, Ohio. Magistrate['s] decision to be issued and filed separately. Notice issued.

> The magistrate['s] decision is held in abeyance. As defendant-titleholder[,] Robyn Samara has challenged the tax assessment[.] [P]laintiff must present evidence to prove its claim of tax delinquency and is granted leave * * * to do so. Failure to comply may result in dismissal without prejudice. Notice issued.

**{¶5}** On September 7, 2012, the treasurer filed the affidavit of Chistopher Neff ("Neff"), the treasurer's delinquent portfolio manager, who averred that $3,946.72 is due and payable on the parcel in connection with the 2009 delinquent land tax certificate. On September 18, 2012, the magistrate issued a decision finding that $3,946.72 in unpaid taxes, penalties, and assessments is due and payable, that the treasurer has a good and valid first lien on the parcel, and that a decree of foreclosure should issue.

**{¶6}** Samara did not file objections to the magistrate's decision, but on September 28, 2012, she filed a Civ.R. 60(B) motion for relief from judgment and a motion for injunctive relief. On October 1, 2012, she filed a notice of appeal, which was dismissed for lack of a final appealable order. *See Treasurer of Cuyahoga Cty. v. Samara*, 8th Dist. Cuyahoga No. 99013 (Oct. 10, 2012).

**{¶7}** On May 6, 2013, the trial court denied Samara's motion for relief from judgment and motion for injunctive relief. On May 9, 2013, the trial court adopted the

magistrate's decision, and on May 13, 2013, the court issued a judgment entry granting foreclosure.

{¶8} Samara appeals and assigns the following five errors for our review:

### Assignment of Error One

The trial court committed prejudicial error in granting all judgments pertaining to *Treasurer of Cuyahoga County v. Samara*, Cuyahoga No. CV-12-773761.

### Assignment of Error Two

The trial court committed prejudicial error in not making the proper ruling.

### Assignment of Error Three

The trial curt committed prejudicial error in making a ruling when an attorney can't testify for a party.

### Assignment of Error Four

The trial court committed prejudicial error in allowing Plaintiff's version of proof of claim as acceptable evidence of a debt.

### Assignment of Error Five

The rules of procedure were not followed.

### Compliance with the Law

{¶9} In her first, second, and fifth assignments of error, Samara complains the trial court failed to follow the statutory law, the common law, the Ohio Rules of Civil Procedure, and other "duties" in entering the decree of foreclosure.

{¶10} Pursuant to R.C. 323.131(A), property taxes must be paid within one year

from the date they are due.  Upon payment, the treasurer shall issue a receipt to the taxpayer.  R.C. 323.14.  However,

> [n]o receipt given by the treasurer for payments made otherwise than in lawful money or the notes specified in section 321.13 of the Revised Code shall be valid, unless the moneys represented by such payment are received into the county treasury or a county depository.

*Id*.

**{¶11}** Pursuant to R.C. 323.25, when property taxes "are not paid within  sixty days after delivery of the delinquent land duplicate to the county treasurer * * *, the county treasurer shall enforce the lien for the taxes by civil action."  *See also* R.C. 5721.10; R.C. 5721.18.

**{¶12}** It is sufficient for the county treasurer to allege the amount of the taxes and that the taxes are unpaid.  R.C. 323.26.  A certified copy of the entry on the tax duplicate shall be prima facie evidence of such allegations and the validity of the taxes.  *Id.  See also* R.C. 5721.18(B)(3), which states:

> [T]he certificate or master list filed by the auditor with the prosecuting attorney shall be prima-facie evidence of the amount and validity of the taxes, assessments, charges, penalties, and interest appearing due and unpaid on the parcel to which the certificate or master list relates and their nonpayment.

**{¶13}** Pursuant to R.C. 323.25, R.C. 323.28, and R.C. 5721.18, if the property is not redeemed, the court shall render findings regarding the  taxes, assessments, penalties, interest, and charges due and payable that will be payable at the time the deed of the property is transferred to the purchaser or transferee.

**{¶14}** Moreover, tax foreclosure actions are in rem proceedings, and thus operate

on the land itself and not on the title of the one in whose name the property is listed for taxation. *Lorain Cty. Treasurer v. Schultz*, 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828, ¶ 10; *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem,* 7th Dist. Jefferson No. 06-JE-40, 2008-Ohio-1173, ¶ 18. The civil rules, to the extent that they would by their nature be clearly inapplicable, do not apply to foreclosure proceedings. *Schultz* at ¶ 11, citing R.C. 5721.18(B)(1) and *In the Matter of Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens,* 10th Dist. Franklin No. 96APE02-160, 1996 Ohio App. LEXIS 3222, *7 (July 25, 1996). Additionally, the Ohio Supreme Court has held that the notice provisions set forth in the tax foreclosure statute satisfy the due process notice requirements. *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 405 N.E.2d 1030 (1980), paragraph one of the syllabus, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

{¶15} In this matter, the record indicates that in 2009, a delinquent land tax certificate was issued for Samara's parcel in the amount of $3,946.72. The affidavit of Neff also established that $3,946.72 is due and payable on the parcel.

{¶16} Samara maintains, however, that since creditors may not force a debtor to use a particular form of payment, the county is required to accept her self-created "presentment for value." Samara additionally asserts that the debt has been discharged because the county received these documents and did not return them or dishonor them as payment.

{¶17} The documents that Samara created as a "presentment for value" in satisfaction of the tax delinquency and her self-created "debt forgiveness voucher" are not currency or legal tender, as congress has exclusive constitutional power to coin and regulate currency and has specified that currency is payable only in legal tender. *See Sanders v. Freeman*, 221 F.3d 846, 856 (6th Cir.2000); *In re Goodrich*, 7 B.R. 590 (S.D.Ohio 1980).

{¶18} In addition, the documents that Samara created as a "presentment for value" in satisfaction of the tax delinquency and her self-created "debt forgiveness voucher" are not negotiable instruments, so there has been no presentment, acceptance, or discharge of the debt under the terms of Article Three of the  Uniform Commercial Code as adopted in Ohio.  As explained in *Mohammad v. Awadallah*, 8th Dist. Cuyahoga No. 97590, 2012-Ohio-3455, ¶ 16, a negotiable instrument is defined, in relevant part, "as an unconditional promise to pay a fixed amount of money that (1) is payable to bearer, (2) is payable on demand or at a definite time, and (3) may contain the power to give, maintain, or protect collateral to secure payment."  *See also UCC Section* 3-104 and R.C. 1303.03.  Thus, the promise or order of an instrument must be payable in "money," which is defined at law as "a medium of exchange currently authorized or adopted by a domestic or foreign government * * *, a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries." *UCC Section* 1-201(24); R.C. 1301.201(A)(24); *accord* R.C. 5701.04.  Accordingly, the documents that Samara drafted are not negotiable instruments, and there has been no

presentment, acceptance, or discharge of the debt under the terms of the UCC.

{¶19} In light of the prima facie evidence of the tax delinquency, and the absence of evidence of valid payments made in lawful money or the notes specified in R.C. 321.13, there has been no valid payment of the tax debt. R.C. 323.14. Foreclosure was properly granted. *See* R.C. 5721.18.

{¶20} In addition, Samara has not demonstrated her claim that the requirements of the Ohio Civil Rules were not met in this matter.

{¶21} The first, second, and fifth assignments of error are without merit.

<u>Amount of Debt</u>

{¶22} For Samara's third and fourth assignments of error, she asserts that the trial court erred in determining the amount of the tax delinquency.

{¶23} The certificate of delinquency filed by the auditor with the prosecuting attorney is prima facie evidence of the amount and validity of the taxes and of their nonpayment. *Rokakis v. Western Reserve Leasing Co.*, 8th Dist. Cuyahoga No. 95058, 2011-Ohio-1926, ¶ 22-25, citing *Geauga Cty. Treasurer v. Pauer*, 11th Dist. Geauga Nos. 92-G-1722 and 92-G-1724, 1993 Ohio App. LEXIS 3334 (June 30, 1993). In addition, the sworn affidavit of Neff, certified the true and exact amount of the debt and was admissible evidence. *See Beachland Enters. v. Bd. of Review*, 8th Dist. Cuyahoga No. 99770, 2013-Ohio-5585, ¶ 64. Moreover, because we have not been provided with a transcript of the proceedings, we must presume regularity. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274,

¶ 14.

**{¶24}** Accordingly, the third and fourth assignments of error are without merit.

**{¶25}** The judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR