[Cite as *Scalise v. Johnston Invest., L.L.C.*, 2018-Ohio-3469.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KIRSTEN M. SCALISE, Fisal Officer
Summit County Fiscal Office

    Appellee

    v.

JOHNSTON INVESTMENTS, LLC, et al.

    Appellant

C.A. No.     28897

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-06-2726

DECISION AND JOURNAL ENTRY

Dated: August 29, 2018

TEODOSIO, Presiding Judge.

**{¶1}** Johnston Investments, LLC, appeals the judgment of foreclosure entered by the Summit County Court of Common Pleas on November 14, 2017. We affirm.

I.

**{¶2}** In June 2017, Kristen M. Scalise, as Fiscal Officer of Summit County, Ohio, filed a complaint for foreclosure of liens for land taxes, assessments, penalties, and interest. Johnson Investments, LLC, ("Johnston") was one of several defendants named in the complaint as having a claim or interest upon the premises. Instructions were given to the Clerk of Courts to make both certified mail and regular mail service of the complaint on all defendants. Additionally, an affidavit for service by publication was filed in July 2017, with proof of publication being filed in September 2017. Johnston filed an answer to the complaint on October 18, 2017, raising defenses including lack of jurisdiction and insufficiency of process and service of process.

{¶3}   On October 26, 2017, the Fiscal Officer filed a motion for default judgment and a motion for summary judgment, with the trial court entering judgment on November 14, 2017. Johnston now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT LACKED PERSONAL JURISDICTION OVER JOHNSTON INVESTMENTS LLC ON THE GROUNDS THAT THERE [WAS] INSUFFICIENCY OF PROCESS AND/OR INSUFFICIENCY OF SERVICE OF PROCESS; AS SUCH, THE TRIAL COURT'S JUDGMENT OF FORECLOSURE ENTERED ON NOVEMBER 14, 2017[,] IS VOID AB INITIO.

{¶4}   In its assignment of error, Johnston Investments argues the trial court lacked personal jurisdiction over it because of insufficiency of process or service of process, and that as a consequence the trial court's judgment was void ab initio.  We disagree.

{¶5}   "Personal jurisdiction is a question of law that appellate courts review de novo." *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 11.  "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination."  *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶6}   In making its argument that the trial court lacked personal jurisdiction, Johnston sets forth several assertions, contending that service of process was not perfected in accordance with Civ.R. 4.6(D), that service by publication was not an authorized method, and that service by publication was defective.  Johnston's assignment of error, however, is premised on the theory that the judgment is void ab initio as a result of the trial court's lack of personal jurisdiction over it.  This premise is flawed at the outset, as a tax foreclosure is an action in rem.  This Court has previously held "that a tax foreclosure action brought pursuant to R.C. 5721.18 constitutes an in rem proceeding, and thus 'it operates on the land itself and not on the title of the one in whose

name the property is listed for taxation.'" *Lorain County Treasurer v. Schultz*, 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828, ¶ 10, quoting *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 7th Dist. Jefferson No. 06-JE-40, 2008-Ohio-1173, ¶ 18, quoting *Hunter v. Grier*, 173 Ohio St. 158, 161 (1962). Therefore, an "alleged error based on a lack of personal jurisdiction is misplaced." *Id.*

{¶7}     Johnston contends that because the complaint seeks the foreclosure of all claims and interest in the property, it is an action in personam rather than an action in rem, but provides no authority in support of this argument. *See* App.R. 16(A)(7). Moreover, as discussed above, this Court has previously established that a tax foreclosure is an action in rem. *Schultz* at ¶ 10. We also note that the face of the complaint specifically sets forth that it seeks foreclosure by action in rem.

{¶8}     We conclude that the trial court's order of foreclosure was not void ab initio for lack of personal jurisdiction. This assignment of error is decided solely upon the issue of personal jurisdiction as it is the basis of Johnston's appeal, and we make no determinations with regard to any requirements, statutory or otherwise, of notice or due process.

{¶9}     Johnston's assignment of error is overruled.

III.

{¶10}   Johnston's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ROBERT C. MEEKER, Attorney at Law, for Appellant.

PETER W. NISCHT, Attorney at Law, for Appellee.