[Cite as *U.S. Bank Trust Natl. Assn. v. Wittman*, 2025-Ohio-5229.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+, | : | |
| | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | | No. 114918 |
| v. | : | |
| JOHN G. WITTMAN, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 20, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-976441

***Appearances:***

DeBlasis Law Firm LLC and Rick D. DeBlasis, *for appellant*.

Herman Law, LLC and Edward F. Herman, *for appellees* Samuel Bivens and Alyssa Eckles.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant U.S. Bank Trust National Association as Trustee of American

Homeowner Preservation Trust Series 2015A+ ("appellant") appeals the judgment

of the trial court denying its motion for summary judgment and granting the summary-judgment motions filed by appellee Mortgage Electronic Registration Systems, Inc. ("MERS") and appellees Samuel Bivens and Alyssa Eckles ("Bivens and Eckles") (collectively "appellees"). Appellant raises two assignments of error:

> 1. The trial court erred in granting Appellees' separate Motions for Summary Judgment, because both motions were premised on the theory that Appellant's mortgage was cancelled by the Cuyahoga County Treasurer's prior foreclosure action, but Appellant was not properly named in the Treasurer's action, not served with process, did not enter an appearance, and had no notice of the Treasurer's action, and therefore the tribunal in which the Treasurer's foreclosure was filed did not have jurisdiction to cancel Appellant's mortgage.

> 2. The trial court erred in denying Appellant's Motion for Summary Judgment, because Appellant was entitled to a Decree of Foreclosure of its mortgage on the subject property.

{¶ 2} After a thorough review of the applicable law and facts, we find that the trial court did not err in granting summary judgment to appellees and denying appellant's motion for summary judgment. We affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} John G. Wittman ("Wittman") purchased property on Oxford Road in Cleveland, Ohio ("Property") in 2002, signing a note and securing the note with a mortgage. (Complaint, ¶ 6.) The mortgage was recorded with the Cuyahoga County Recorder as Instrument No. 200208280757. (*Id.*) In 2017, after several other assignments, the note and mortgage were assigned to "U.S. Bank Trust National

Association as Trustee of American Homeowner Preservation Trust Series 2015A+, Its Successor and Assigns." (*Id.* at exhibit A.)

{¶ 4} In 2018, the Cuyahoga County Treasurer ("Treasurer") commenced a foreclosure action with the Cuyahoga County Board of Revision ("BOR") against Wittman for delinquent real estate taxes in Cuyahoga County Case No. BR-18-017986 ("Tax Foreclosure") (Bivens and Eckles's motion for summary judgment, exhibit A).[1] There was a preliminary judicial report attached to the complaint that listed all lienholders. The report reflected that "U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series 2015A+, Its Successor and Assigns" was a lienholder as a result of an assignment of the mortgage, and its address was listed as 819 S. Wabash Avenue, Suite 606, Chicago, Illinois, 60605.

{¶ 5} Despite this, the Tax Foreclosure complaint named "U.S. Bank National Association Successor in Interest to U.S. Bank Trust Association as Trustee of

---

[1] We note that Bivens and Eckles attached a certified copy of this filing from the Tax Foreclosure to their motion but did not provide an affidavit incorporating the filing. Civ.R. 56(C) specifies the types of evidence a party may use to support a motion for summary judgment as follows: pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. The rule states that "[n]o evidence or stipulation may be considered except as stated in this rule." "Because 'Civ.R. 56(C) places strict limitations upon the type of documentary evidence that a party may use in support of . . . summary judgment,' '[d]ocuments merely attached to a summary judgment motion, even though allegedly certified as official records, are not cognizable.'" *State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 479, quoting *Hager v. Waste Tech. Indus.*, 2002-Ohio-3466, ¶ 92 (7th Dist.). Nevertheless, even though Bivens and Eckles did not submit proper Civ.R. 56(C) evidence, the docket and filings in the Tax Foreclosure are available online. "An appellate court is permitted to take judicial notice of publicly accessible online court dockets." *State ex rel. Maron v. Corrigan*, 2022-Ohio-4406, ¶ 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798.

American Homeowner Preservation Trust Series 2015a+," ("U.S. Bank N.A.") as a defendant that may have an interest in the property. Its address was listed in the Tax Foreclosure complaint caption as 425 Walnut Street, Cincinnati, Ohio 45202. Service was effected on U.S. Bank N.A. at the above address. (Bivens and Eckles's answer, counterclaim, and third-party complaint, exhibit A.) U.S. Bank N.A. did not file a responsive pleading in the Tax Foreclosure.

{¶ 6} An affidavit was filed by the Cuyahoga County Land Reutilization Corporation ("CCLRC") expressing its desire to acquire the property for its land reutilization program under R.C. 5722.02. (Tax foreclosure docket, 11/28/18.)

{¶ 7} The Treasurer moved the BOR to set a hearing for the determination of the rights of the parties to the action. (*Id.*) The BOR set a hearing and notified the defendants named in the complaint. (*Id.*, 11/30/18.) An adjudication of foreclosure was ultimately issued by the BOR, stating:

> It is further ORDERED that unless said parcel is previously redeemed as prescribed hereinabove, upon the journalization of this Order and the Order to Transfer confirming the transfer, *the title to said parcel shall be incontestable in the transferee, free and clear of all liens and encumbrances,* except such easements and covenants of record running with the land as were created prior to the time the taxes or assessments, for the nonpayment of which said parcel is sold at foreclosure, became due and payable, and except for Federal Tax Liens.

(Emphasis added.) (*Id.*, 3/4/19.) (Bivens and Eckles's motion for summary judgment, exhibit A.) The BOR issued an order of transfer that required the sheriff to transfer the property to the CCLRC and deliver the deed directly thereto. (*Id.*)

{¶ 8} Bivens and Eckles acquired title to the Property via warranty deed in 2020. (Complaint, ¶ 9.) They executed a note with Bank of England, and the note was secured via a mortgage with MERS. (*Id*. at ¶ 10.)

{¶ 9} In 2023, appellant commenced the underlying action, seeking judgment on the assigned note and foreclosure of the corresponding mortgage relating to the Property. The complaint named Wittman, Bivens, Eckles, MERS, the State of Ohio Bureau of Workers' Compensation, the State of Ohio Department of Taxation, and the Cuyahoga County Clerk of Courts as defendants in the action.

{¶ 10} Bivens and Eckles answered the complaint and filed a counterclaim alleging a claim for frivolous conduct under R.C. 2323.51 and a claim under the Fair Debt Collection Practices Act. They further alleged a third-party complaint against Title Insurance Company Number 1 and Title Insurance Company Number 2.

{¶ 11} MERS answered the complaint, denying that appellant had any enforceable interest in the property. MERS later moved for summary judgment on the issue of lien priority relating to the Property. MERS argued that appellant's claim was barred by res judicata because it was bound by the outcome of the Tax Foreclosure. MERS asserted that appellant had been served with the summons and complaint and failed to respond. MERS further argued that even if res judicata did not bar the action, appellant could not recover because it had not produced evidence of the debt.

{¶ 12} Bivens and Eckles also moved for summary judgment, asserting that appellant's argument regarding service must fail because the adjudication of

foreclosure stated that all necessary parties had been properly served in the matter. Bivens and Eckles argued that the BOR was entitled to the presumption of "regulatory [sic]" in its proceedings and that the adjudication of the foreclosure was presumed to be valid.[2]

{¶ 13} Appellant filed a brief in opposition to the motions along with its own motion for summary judgment. Appellant asserted that it maintained the first and best mortgage lien on the Property, that the mortgage and note were in default, and that it was entitled to foreclosure. Appellant argued that the Tax Foreclosure did not extinguish its mortgage because the proper entity had not been served in that matter. Appellant maintained that it was a separate entity from U.S. Bank N.A., and because appellant was not named and served in the Tax Foreclosure, the BOR lacked jurisdiction over its mortgage. Appellant therefore argued that its mortgage on the Property was still valid.

{¶ 14} The trial court granted appellees' motions for summary judgment, finding simply that reasonable minds could conclude from the evidence submitted that they were entitled to judgment on appellant's claims. The court denied appellant's motion for summary judgment and ordered appellant to advise the court as to whether it intended to proceed with the action.

{¶ 15} Appellant notified the trial court that it was not going to pursue a personal judgment against Wittman. Bevins and Eckles then moved to dismiss

---

[2] We presume that Bivens and Eckles meant "regularity" rather than "regulatory."

Wittman from the case, arguing that the continued pendency of the claim against Wittman clouded their title to the Property. The court granted the motion, and Wittman was dismissed without prejudice.

{¶ 16} Bevins and Eckles then voluntarily dismissed their counterclaim and third-party complaint, and appellant filed the instant appeal.

## II. Law and Analysis

{¶ 17} In appellant's first assignment of error, it argues that the trial court erred in granting appellees' summary-judgment motions. In its second assignment of error, appellant contends that the trial court erred by denying its motion for summary judgment. Because all three motions involve the same arguments and evidence, we will address both assignments of error together.

{¶ 18} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). De novo review means that this court independently "examine[s] the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist. 1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116 (1980). In other words, we review the trial court's decision without according the trial court any deference. *Smith v. Gold-Kaplan*, 2014-Ohio-1424, ¶ 9 (8th Dist.), citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188 (8th Dist. 1997).

{¶ 19} Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of

law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217 (1994).

{¶ 20} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. If the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id*. at 293.

{¶ 21} In its motion for summary judgment, appellant argued that its mortgage was not canceled by the previous tax-lien foreclosure because it had not been named in the action and did not receive proper service of process. Appellant states that the entity named and served in the Tax Foreclosure case was U.S. Bank N.A., and service was perfected at 425 Walnut Street, Cincinnati, Ohio 45202. Appellant maintained that it was the actual holder of the mortgage identified in the Tax Foreclosure and therefore was the entity that should have been named and that its address was 819 S. Wabash Avenue, Suite 606, Chicago, Illinois 60605. Appellant argued that U.S. Bank N.A. was an entirely separate entity and that service on U.S. Bank N.A. did not suffice as service on appellant.

{¶ 22} As evidence in support of its argument, appellant submitted the affidavit of Jorge Newbery ("Newbery"), the Chief Executive Officer of AHP Servicing L.L.C., the servicing agent for appellant. In his affidavit, Newbery states that he has "access to business records, including loan documents and loan account records maintained by AHP Servicing LLC" and has "personal knowledge of the operation of, and the circumstances surrounding the maintenance and retrieval of, records in AHP Servicing LLC's record-keeping system." (Newbery affidavit, ¶ 2.)

{¶ 23} Newbery further stated that he is "familiar with the corporate structure of [appellant], as set forth herein." *Id*. at ¶ 5. In particular, he averred:

> 14. U.S. Bank National Association and [appellant] U.S. Bank Trust National Association, are two separate corporate entities. [Appellant] does not now, and at all relevant times has not had, business or office addresses at 5065 Wooster Road, Cincinnati, Ohio, or 425 Walnut Street, Cincinnati, Ohio. [Appellant] locates its principal executive offices at 300 East Delaware Avenue, 8th Floor, Wilmington, DE 19809, and also has offices at 100 Wall Street, 16th Floor, New York, NY 10005.
>
> 15. [Appellant] received no notice of the Treasurer's foreclosure action regarding the Property.
>
> 16. A proper address for service of process upon [appellant] prominently appears on the face of the mortgage assignment by which [appellant] acquired the Mortgage. See Exhibit "C" to the Complaint, last assignment.
>
> . . .

*Id*. at ¶ 14-16.

{¶ 24} In their brief in opposition to appellant's motion for summary judgment, Bivens and Eckles objected to the above paragraphs, arguing that

Newbery did not explain the basis or foundation of his knowledge regarding appellant's business affairs. Appellant argued in reply that the statement that Newbery was familiar with appellant's corporate structure was sufficient.

{¶ 25} Civ.R. 56(E) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "There is no requirement that an affiant explain the basis for his personal knowledge *where his personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit*." (Emphasis added.) *Nationstar Mtge. L.L.C. v. Perry*, 2013-Ohio-5024, ¶ 15 (8th Dist.), citing *Deutsche Bank Natl. Trust Co. v. Najar*, 2013-Ohio-1657, ¶ 74 (8th Dist.). Consequently, we must examine the information contained in the affidavit to determine if Newbery's personal knowledge can be inferred.

{¶ 26} Newbery states in his affidavit (1) that he is "the Chief Executive Officer of AHP Servicing, LLC, servicing agent for [appellant] herein"; (2) that the averments in the affidavit were "within the scope of [his] duties"; and (3) that he made the affidavit "based upon personal knowledge obtained, in part, from [his] personal review of the business records for the loan" that was the subject of the underlying matter. (Newbery affidavit at ¶ 1, 2, 4.)

{¶ 27} On its face, the affidavit does not demonstrate where Newbery gained his "personal knowledge" about appellant's corporate structure. In *U.S. Bank Natl. Assn. v. Duvall*, 2015-Ohio-2275 (8th Dist.), the plaintiff moved for summary

judgment in a foreclosure action, offering the affidavit of the "Vice President of Loan Documentation" with plaintiff's servicing agent. The trial court granted summary judgment, and on appeal, Duvall argued that there was a genuine issue of material fact as to whether the plaintiff was the holder of the note and mortgage. Specifically, Duvall asserted that the affidavit submitted was not sufficient because the affiant did not establish that she had personal knowledge of the matters contained therein.

{¶ 28} This court affirmed the judgment of the trial court, holding that the affidavit was sufficient because it did not "simply contain an averment that [the affiant had] personal knowledge, but also included an explanation of where, and how, she obtained that knowledge." *Id*. at ¶ 19. The *Duvall* Court cited a Second District case for the proposition that "personal inspection of the records provides proof of personal knowledge." *Id*., citing *Merchants Natl. Bank v. Leslie*, 1994 Ohio App. LEXIS 159, *4 (2d Dist. Jan. 24, 1994). *See also Discover Bank v. Peters*, 2011-Ohio-3480, ¶ 23, fn. 1 (5th Dist.) ("Affiant's position as 'Legal Placement Accounts Manager,' without further description, does not establish the affiant has personal knowledge or is competent to testify as to Appellant's account."); *Premier Capital, L.L.C. v. Baker*, 2012-Ohio-2834, ¶ 46 (11th Dist.) ("No showing was made that the affiant, who was not sufficiently established as the records custodian, was 'in the position to know the facts stated in the affidavit.'").

{¶ 29} In the instant matter, Newbery's affidavit sufficiently complied with Civ.R. 56(E) by demonstrating personal knowledge of records related to the foreclosure action, note, and mortgage. However, the statements in Newbery's

affidavit do not explain how and where he obtained his personal knowledge of appellant's corporate structure. We cannot infer that Newbery has personal knowledge about the separate entities and identities of appellant and U.S. Bank N.A. simply because he is the Chief Executive Officer of the company that acts as appellant's servicing agent. Newbery stated that he made the affidavit "based upon personal knowledge obtained, in part, from [his] personal review of the business records for the loan." There is no evidence in the record establishing that the business records for the loan contained information about appellant's corporate structure, and Newbery does not offer any other source or reason for his claimed knowledge. The affidavit does not affirmatively show that Newbery was competent to testify as to the relationship between appellant and U.S. Bank N.A., as is required by Civ.R. 56(E).

{¶ 30} Appellant did not provide any other evidence to establish its identity as a separate entity from the party that was served in the Tax Foreclosure. Within its reply brief to its motion for summary judgment, appellant asked the trial court to take judicial notice of information from SEC.gov, which it argued established that U.S. Bank N.A. and appellant were both subsidiaries of U.S. Bancorp and were listed as separate entities. Appellant noted that the relevant pages had been printed and were attached to its reply brief as exhibit A; however, no such exhibit was attached.

{¶ 31} On appeal, appellant moved this court to take judicial notice of the records of the Securities and Exchange Commission, attaching to its brief the pages that presumably were missing from its reply brief to its motion for summary

judgment. Appellant's motion was denied; we cannot add matter to the record before us that was not a part of the trial court's proceedings. *Hanak v. Kraus*, 2022-Ohio-1941 (8th Dist.), citing *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13, citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

{¶ 32} Even assuming arguendo that appellant had submitted an affidavit containing the missing demonstration of personal knowledge, it still would not be entitled to judgment as a matter of law on its claim for foreclosure. This court can clearly recognize that U.S. Bank N.A., as named in the Tax Foreclosure complaint, does not have the same name or address as the party reflected in the assignment of the mortgage. As noted above, the preliminary judicial report attached to the Tax Foreclosure complaint lists the mortgage assignment to appellant, with an address in Chicago, Illinois, while the complaint in the Tax Foreclosure named U.S. Bank N.A., with its address in Cincinnati, Ohio.

{¶ 33} Nevertheless, appellant cannot maintain an action for foreclosure against appellees. In Ohio, there are different tax foreclosure actions that may be commenced under R.C. Title 3 or Title 57. In the Tax Foreclosure complaint, the Treasurer's office did not cite the title under which it sought relief. However, in the adjudication of foreclosure, the BOR noted that the Tax Foreclosure had proceeded under R.C. 323.65 to 323.79. These statutes allow a tax lien on abandoned land to be foreclosed through proceedings before the BOR. "Tax foreclosure actions are in rem proceedings, and thus operate on the land itself and not on the title of the one in whose name the property is listed for taxation." *Treasurer of Cuyahoga Cty. v.*

*Samara*, 2014-Ohio-2974, ¶ 14 (8th Dist.), citing *Lorain Cty. Treasurer v. Schultz*, 2009-Ohio-1828, ¶ 10 (9th Dist.); *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 2008-Ohio-1173, ¶ 18 (7th Dist.).

{¶ 34} Under R.C. 323.73(G) and 323.74(D), following a decree of foreclosure, the BOR may order the property transferred, without payment, directly to a county land reutilization corporation. Here, the adjudication of foreclosure extinguished all liens on the property, specifically stating that "title to said parcel shall be incontestable in the transferee, free and clear of all liens and encumbrances[.]"

{¶ 35} Appellant argues in its brief that the Treasurer failed to comply with the statutory scheme for the Tax Foreclosure. In particular, it contends that the Treasurer was required under R.C. 323.68(A) to conduct a title search to identify any lienholders and was required to name any such lienholders in the complaint. Appellant contends that its due-process rights were violated by not being named and served in the Tax Foreclosure, citing *In re Foreclosure of Liens for Delinquent Taxes,* 79 Ohio App.3d 766 (2d Dist. 1992). In that case, a tax foreclosure proceeding was brought against a landowner, and the property was ultimately sold at sheriff's sale without providing notice to the mortgage lienholder. The mortgage lienholder moved to vacate the sale but failed to appear for the hearing. The trial court denied the motion, and the lienholder appealed, arguing that its due-process rights were violated.

{¶ 36} On appeal, the Second District agreed that the lienholder's due-process rights had been violated when the subject property was sold without providing notice to the lienholder and reversed the denial of the lienholder's motion to vacate the sale. *Id.* at 767.

{¶ 37} The instant matter is distinguishable. It is undisputed that appellant did not move to vacate the judgment that purported to extinguish its lien or seek to intervene in that action. Appellant does not explain when, or how, it became aware of the Tax Foreclosure, but the only action it appears to have taken to preserve its interest was to file the underlying suit.

{¶ 38} Pursuant to the final order in the Tax Foreclosure, the property was transferred to the CCLRC free and clear of *all* liens and encumbrances. Accordingly, appellant's mortgage did not survive the Tax Foreclosure. The CCLRC took the Property without any liens or encumbrances, and all subsequent transfers, including the purchase of the Property by Bivens and Eckles, were not subject to any liens that existed prior to the Tax Foreclosure.

{¶ 39} While appellant should have been properly named and served in the Tax Foreclosure, and there is a question as to whether its due-process rights were violated, appellant must find another avenue for its claim. Filing the underlying action — a separate foreclosure case that essentially pretends that the Tax Foreclosure did not occur and that appellant's mortgage lien was not extinguished — is not procedurally viable. Any claim that appellant may have relating to the validity of the Tax Foreclosure seems to be against the Treasurer, as the complainant

in the Tax Foreclosure that failed to name appellant as a defendant. We offer no opinion as to the potential success of such a claim.

{¶ 40} Finally, we note that while appellant is barred from pursuing a claim on the Property, it could still pursue an action against Wittman to enforce the note. But the record reflects that appellant informed the trial court that it was not going to proceed on its claim for personal judgment against Wittman.

{¶ 41} Because appellant's mortgage lien was extinguished at the conclusion of the Tax Foreclosure, appellant has failed to demonstrate that it was entitled to judgment as a matter of law in the present foreclosure action on the same lien. The trial court did not err in granting summary judgment in favor of appellees and denying appellant's motion for summary judgment. Both of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR