[Cite as *Lorain Cty. Treasurer v. Bray*, 2025-Ohio-5688.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

LORAIN COUNTY TREASURER        C.A. No.     24CA012151

     Appellee

     v.                               APPEAL FROM JUDGMENT
                                                ENTERED IN THE

DAVID BRAY, et al.                    COURT OF COMMON PLEAS
                                                COUNTY OF LORAIN, OHIO

     Appellants                       CASE No.     23TX008177

DECISION AND JOURNAL ENTRY

Dated: December 22, 2025

HENSAL, Judge.

{¶1} David and Michael Bray have appealed a judgment entry of the Lorain County Court of Common Pleas that ordered a sheriff's sale of several parcels in Sheffield Lake, Ohio. For the following reasons, this Court affirms.

I.

{¶2} The Lorain County Treasurer filed a complaint of foreclosure against David Bray, who owns seven parcels, as well as his unknown spouse and the unknown tenants of some of the parcels, alleging that there was a total of $116,197.72 in unpaid taxes, assessments, charges, and penalties due from the parcels. Michael Bray, one of the tenants, moved for leave to plead, which the trial court granted, but he did not file an answer by the deadline the trial court set.

{¶3} The Treasurer eventually moved for summary judgment against David Bray. Mike Bray subsequently filed another motion for leave to plead, which the trial court granted. In its order, the court gave Michael Bray 10 days to file an answer and a brief in opposition to any

pending motions. Michael Bray filed an answer but did not file any opposition to the motion for summary judgment. Upon review of the motion for summary judgment, the trial court granted it and ordered a sheriff's sale of the parcels. The Brays have appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO THE LORAIN COUNTY TREASURER BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE AND BECAUSE THE TREASURE[R] WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶4}   In their first assignment of error, the Brays argue that the trial court incorrectly granted the Treasurer's motion for summary judgment. Under Rule 56(C), summary judgment is appropriate if:

[n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5}   The Brays argue that the trial court incorrectly placed a burden on them to rebut the presumptive evidence that the Treasurer submitted in support of its motion for summary judgment.

They also argue that the Treasurer failed to offer any competent evidence that the county auditor created a delinquent real estate tax certificate while any of the parcels were delinquent. They further argue that the affidavit of the deputy treasurer that the Treasurer presented was not based on personal knowledge and did not establish the foundational facts necessary to admit any records.

{¶6}   "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 2014-Ohio-2746, ¶ 12 (9th Dist.).  As previously noted, only David Bray filed a response to the motion for summary judgment.  Although he opposed the motion, his only argument to the trial court was that, because some of the property taxes were incurred by a previous owner of the property, he should not have to pay those charges. The Brays acknowledge in their appellate brief, however, that subsequent purchasers must pay any taxes, interest, or penalties that have accrued and remain unpaid to retain the property.

{¶7}   The Treasurer submitted an affidavit of a deputy to the treasurer for each parcel.  In the affidavits, the deputy stated that she had knowledge of the real estate taxes owed regarding that parcel by reviewing the records maintained by the Treasurer through the ordinary course of business.  The deputy also indicated the amount owed on each parcel, that the parcels had been certified as tax delinquent, the month and year of the certification, and that the amount owed had not been paid.  The deputy also attached what she asserted was a true and accurate copy of the records for each parcel.  These materials were sufficient to meet the Treasurer's initial burden of demonstrating it was entitled to foreclose on the properties.

{¶8}   Because the Brays did not challenge the competency and adequacy of the evidence that the Treasurer submitted in support of its motion for summary judgment to the trial court, we conclude that they forfeited the arguments they have raised on appeal.  *Burden* at ¶ 12; *Wivitowicz v. Eschtruth*, 1996 WL 183111, *2 (9th Dist. Apr. 17, 1996); *Wallner v. Thorne*, 2010-Ohio-2146,

¶ 18 (9th Dist.) (explaining that, even if evidence is improper under Civ.R. 56, a trial court has discretion to consider it if "there has not been any objection to the evidence."). The Brays' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE LORAIN COUNTY TREASURER'S MOTION FOR SUMMARY JUDGMENT WHEN THE TREASURER FAILED TO SEEK SUMMARY JUDGMENT OR ANY OTHER RELIEF FROM THIRD-PARTY DEFENDANT MICHAEL BRAY.

{¶9} In their second assignment of error, the Brays argue that the trial court could not grant summary judgment against Michael Bray because the Treasurer's motion did not request summary judgment against him. They also assert that the trial court's judgment is not final and appealable because there are still claims pending against Michael Bray.

{¶10} A tax foreclosure under Revised Code Section 5721.18 is an in rem proceeding that operates on the land itself. *Scalise v. Johnston Invests., LLC*, 2018-Ohio-3469, ¶ 6 (9th Dist.). Such actions are "brought against the land and not its owner personally." *Cornett v. Ray*, 1986 WL 9709, *2 (12th Dist. Sept. 8, 1986) (citing R.C. 5721.18(B)). Under Section 5721.181, "no personal judgment shall be entered" in a tax foreclosure action; however, a deficiency judgment may be entered against the owner of the property if it is sold for less than the amount of the delinquent taxes and other charges.

{¶11} The Treasurer did not file any claims against Michael Bray, individually. The unknown tenants of the parcels were identified as defendants in the complaint because they "ha[ve] or may claim to have an interest in the property." In his answer, Michael Bray denied that paragraph, effectively conceding that he had no claim or interest in the property. Accordingly, we reject the Brays' argument that the judgment is not final.

{¶12} Regarding Michael Bray's "procedural fairness" argument, we note that he does not argue that the Treasurer did not comply with Section 5721.18. The trial court granted him leave to file an answer for a second time even though the case had been pending for nine months. After Michael Bray asked for an extension of time to file a reply to the motion for summary judgment, it provided him with a deadline to file a brief in opposition to any pending motions. On the same day that Michael Bray filed his answer, David Bray filed his opposition to the Treasurer's motion for summary judgment. The same attorney represented both men. We also note that the trial court did not enter a judgment against Michael Bray personally.

Upon review of the record, we conclude that the Brays have not established that the trial court violated Michael Bray's due process rights when it granted summary judgment to the Treasurer. The Brays' second assignment of error is overruled.

III.

{¶13} The Brays' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellants.

ANTHONY CILLO, Prosecuting Attorney, and CHRISTOPHER R. FORTUNATO, Assistant Prosecuting Attorney, for Appellee.